# WILLIAM H. SMITH ET AL.

## V.

## CLINTON BRIDGE COMPANY ET AL.

1. PRACTICE—AMENDMENT OF RETURN.—When a service has been properly made, but through accident or inattention the proper return has not been indorsed, the furtherance of justice requires that proper amendments should be allowed.

2. ATTACHMENT—LIEN.—The levy of an attachment to the extent of its lien diminishes the property of the defendant; it does not take away his power to transfer or dispose of it, but such transfer will be subject to the lien of the attachment or appropriation, not only for the benefit of the plaintiff in the writ levied or served on a debtor as garnishee, but by relation back for the common and equal advantage of all creditors who may avail themselves of the statute.

3. SAME—LIENS RELATING BACK TO FIRST ATTACHMENT WRIT —When judgments are obtained in conformity with the provisions of section 37 of our attachment law, the lien on property, or appropriation by the law of the indebtedness, as to each and all of the several judgments, has relation back to the date of the levy or garnishment on the first attachment writ.

4. CERTIFICATE OF PUBLICATION.—The statute has given no special form for the certificate required by the clerk; and the certificate in this case is in substantial compliance with the statute.

APPEAL from the City Court of East Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding. Opinion filed October 10, 1883.

Messrs. FLANNIGAN & CANBY, for appellants; as to the right of attaching creditors to participate in proportion to their respective demands, against a common debtor when the attachments were all made returnable to the same term of court and were levied on the same estate, cited Merchants S. Inst., etc., v. Givins, 82 Ill. 157; Jones v. Jones, 16 Ill. 117; Warren v. Iscarian Community, 16 Ill. 114; McCoy v. Schnellbacker, 2 Bradwell, 582; Stahl v. Webster, 11 Ill. 511.

As to power of courts to amend the record: Smith v. Branch Bk. 5 Ala. 26; Bartlett v. Long, 2 Ala. 161; Weed v. Weed, 25 Conn. 337; Colby v. Moody, 19 Me. 111; Woodcock v. Parker, 35 Me. 138; Bagley v. Wood, 12 Ired. (N. C.) L. 90; Parsons v. McBridge, 4 Jones (N. C.) L. 99.

After the expiration of the term, unless the cause is still pending and the parties in court, the power of the court over the record is confined to correcting errors and mistakes of officers: Coughran v. Gutcheus, 18 Ill. 391; Godfriedson v. The People, 88 Ill. 286; Goucher v. Patterson, 94 Ill. 527; Cairo v. St. L. R. R. Co. v. Holbrook, 72 Ill. 422; Dunham v. South P. Comrs. 87 Ill. 188; Edwards v. Irons, 73 Ill. 583.

Mr. M. MILLARD, for appellees; cited Pierce v. Carleton, 12 Ill. 358; Thormeyer v. Sisson, 83 Ill. 188.

BAKER, J.    Berthold & Jennings commenced a suit by attachment against the Clinton Bridge Company on a claim for $3,027.39 and garnishee process was served on the Chicago and Alton Railroad company on the 10th day of October, 1882.    At that time the garnishee was indebted to the Bridge Company in the sum of $3,770.09.    Wm. K. Smith & Co., appellants, on the 5th day of December following, also sued out an attachment against said Bridge Company on a claim for $1,615.05 and the writ was served on the railroad company as garnishee on the day it was issued.    These two attachments were both returnable to the January term, 1883, of the City Court of East St. Louis.    On the 1st day of December, 1882, and intermediate the service of the two attachment writs, the Clinton Bridge Company assigned its claim against the railroad company to Reeve & Son for a just and legal debt, and gave notice to the garnishee on that day.

At the January term a judgment was rendered in favor of Berthold & Jennings and against the Bridge Company for the amount of their claim, and to that judgment no objection is suggested.

At the same term in the suit of appellants the default of the defendant corporation and judgment against it for $1,615.05 were entered.    But in this latter case there was no appearance by or personal service on the defendant, and at the time of the default and rendition of judgment and during the whole of said January term, there was in the record no certificate of the clerk showing the mailing of a copy of the notice by pub-

lication to defendant. At said term and after such default and judgment, leave was given Reeve & Son to file a claim for the property attached and an order was entered continuing the cause as to such claim and for proceedings against the garnishee and for general purposes. During the succeeding March term of the court the case was consolidated with that of Berthold & Jennings; and the consolidated cause was submitted to the court upon the interpleader of Reeve & Son and as against the garnishee.

Thereupon judgment was rendered in favor of Berthold & Jennings for the full amount of their claim against the garnishee and the residue of the money in the hands of the garnishee was awarded to Reeve & Son, and it was further ordered that appellants take nothing by their proceedings against the garnishee. At that term and after rendition of final judgment against the garnishee, appellants by leave of the court filed the certificate of the clerk hereafter mentioned; and this was done without actual notice to any of the other parties in interest.

Three questions arise upon the record; and we will consider them in the inverse order to that in which they are submitted.

First. Is the certificate of the clerk found in this record sufficient to form the basis of a judgment by default? In Thormeyer v. Sisson, 83 Ill. 188, it was held that in an attachment proceeding where there was no personal service on, or entry of appearance by the defendant, the record must affirmatively show the fact that the clerk sent to the defendant a copy of the notice by publication as required by the latter clause of section 22 of the Attachment Act. That clause reads as follows: "And such clerk shall within ten days after the first publication of such notice send a copy thereof by mail addressed to such defendant, if the place of residence is stated in such affidavit; and the certificate of the clerk that he has sent such notice in pursuance of this section shall be evidence of that fact." The affidavit filed by appellants before suing out their attachment, states that the defendant "resides at Clinton in the State of Iowa." The certificate of the clerk

says " that on the 11th day of December, 1882, in pursuance of the statute in such case made and provided, and within ten days of the first publication of the notice in this cause, I mailed a copy of said notice to the following named defendant, whose place of residence is stated in the affidavit of non-residence in the above entitled cause, to-wit: The Clinton Bridge Company, of Clinton, Iowa." The statute has given no special form for the certificate required of the clerk; and the certificate in question is in substantial compliance with the requirements of the statute. Taking into consideration the several statements made in it, and the reference therein to the affidavit of non-residence, no reasonable person in the exercise of his ordinary faculties could be mistaken or have a doubt as to where the notice was sent.

This is all that is required by the doctrine that is applicable to matters of this sort. Goudy v. Hall, 36 Ill. 317; Clark v. Marfield, 77 Id. 262.

Second. Was the defect in the record of the January term cured by the certificate filed at the March term? This is not an ordinary common law action where a personal judgment *quod recuperet* disposes of the whole subject-matter in litigation; or an attachment where there is either a personal service or appearance, and consequently a judgment having the force and effect of an ordinary judgment; or even an attachment suit where tangible property is levied on and the judgment is for a special execution and sale. It is a special statutory proceeding, consisting of two parts, each of which is dependent upon the other; the one part is a proceeding against the defendant or debtor in order to establish the alleged indebtedness, and that too only for the purposes of the further and concurrent proceedings against the garnishee. The first judgment is that the plaintiff recover of the defendant, yet such recovery, if it is not followed by a judgment against the garnishee, is wholly inoperative—it can not be enforced and it establishes no indebtedness. Although two judgments are entered, the one against the defendant and the other for or against the garnishee, yet the two are but necessary and concomitant parts of one and the same proceeding;

and the record made therein is one record and not two separate and distinct records.

The Attachment Act and the Garnishment Act are to be taken together; a proceeding by attachment against garnishees is begun under the provisions of the one act and afterward prosecuted under the provisions of the other; and in case an order of distribution becomes necessary, reference must then again be had to the provisions of the first act. Sec. 28 of the Garnishment Act reads: " An appeal may be taken from a judgment or any final order of the court or justice of the peace by any party to such proceeding in like manner as appeals are taken in other cases." We presume there is no doubt the defendant in attachment might under this section take an appeal from the final judgment entered against the garnishee; and it might be necessary in order to protect his right to the $25 exemption of wages due or some other legal right. If such defendant is a party to the whole proceeding until it culminates in a final judgment for or against the garnishee and he has as a matter of fact been notified of the proceeding in the mode pointed out by the statute, he must be presumed to be in court at the term in which such last judgment is rendered.

As a general rule no judgment will be regarded as a final adjudication unless all the issues of law and of fact necessary to be determined are determined and the case completely disposed of so far as the court has power to dispose of it.

At the March term then not only the garnishee, the plaintiffs in the attachment and the parties interpleading were in court, but also the defendant in attachment. They were each and all bound to know that after judgment and at any time before the expiration of that term at which the cause or proceeding was finally determined, it was competent for the court, without further or special notice to them, to make any proper order in the case.

When a service has been properly made but through accident or inattention, the proper return has not been indorsed, the furtherance of justice requires that proper amendments should be allowed: O'Connor v. Wilson, 57 Ill. 226.

Smith v. Clinton Bridge Co.

The notice by publication stands in the place of process and performs the same office; it is issued by the clerk and the certificate of publication by the publisher, and certificate of mailing by the clerk may be likened to the return of an officer: Varien v. Edmonsen, 5 Gil. 270.

The clerk is an officer of the court; and the statute provides that his certificate that he has sent the notice, shall be evidence of that fact. It was then a default or negligence of an officer of the court that the certificate was not filed and made a part of the record prior to the entry of the default and judgment against the defendant in attachment. The second section of the chapter on amendments and jeofails provides: " After judgment rendered in any cause, any defects or imperfections in matter of form contained in the record, pleadings, process, entries, returns, or other proceedings in such cause may be rectified and amended by the court in affirmance of the judgment, so that such judgment shall not be reversed or annulled," etc., and section 4 of said act reads as follows: "All returns by any sheriff or other officer or by any court or subordinate tribunal to any court may be amended in matter of form or according to the truth of the matter by the court to which such returns shall be made, in its discretion as well before as after judgment." The filing of certificates of the clerk was in substance an amendment to the return to the process of the court, and it was in affirmance of the judgment the court rendered at the January term against the defendant.

The rule of practice is to permit, as a matter of course and without notice, a subsequent amendment, so as to show the court had jurisdiction of the person of the defendant while the cause is pending and the parties are before the court, but that after the expiration of the term at which a judgment or final order is entered the court has no power over the record without notice to the parties in interest, unless the cause is still pending, and the parties are in court.   Coughran v. Gutcheus, 18 Ill. 390; Cairo & St. L. R. R. Co. v. Holbrook, 72 Ib. 419; O'Conner v. Wilson, 57 Ib. 226.

We think, then, the court below had power to allow the cer

tificates of the clerk to be filed. The fact that the clerk sent a copy of the publication notice to defendant by mail addressed to it at its place of residence as given in the affidavit must appear in the record. Looking at the whole record we find such fact does sufficiently appear. True it was irregular to take the default and judgment against the defendant at a time when that fact was not patent upon the record; but all essential to confer jurisdiction on the court to enter the judgment had in reality been done, and an inspection of the entire record so discloses. We think the irregularity in the proceedings should not be held to vitiate and render void the judgment of appellants.

Third. Should appellants be allowed to share in the proceeds of the garnishment? The cases of Martin v. Dryden, 1 Gil. 213, The People v. Cameron, 2 Gil. 471, and Barnell v. Robertson, 5 Gil. 282, establish the doctrine that under the Attachment Act, the levy of the writ upon real or personal property, created a lien. Where the writ is served upon a debtor as a garnishee it must create a qualified lien, or have the effect of a qualified appropriation of the indebtedness by the law, to the objects and purposes of the attachment that is binding alike upon the defendant, the garnishee and third parties; otherwise the garnishment might always be rendered wholly nugatory and futile, by the payment or assignment of the debt. *Choses in action* are not assignable at law, but only in equity; and yet the court at law will ordinarily regard the equitable right of the assignee. The levy of an attachment to the extent of its lien, diminishes the property of the defendant; it does not take away his power to transfer or dispose of it, but such transfer will be subject to the lien of the attachment. And where an attachment has been served upon a garnishee, and it appears a debt due by him to the defendant has been equitably assigned before service, the court will take cognizance of, and protect the rights of the assignee. In States where a prior lien is given to the first attachment levied, or preferment to the first garnishee process served on garnishee, such lien or preferment takes effect, not only as between plaintiff and defendant, but as between different plaintiffs,

Smith v. Clinton Bridge Co.

when the writ is levied or so served, and the writs will hold the property or debt, in the order of their service; where such priority is given, there is opportunity for the defendant in the interim between the date of the levy or service of the first, and the date of the levy or service of the subsequent writ, to sell and transfer the property or make an equitable assignment of the debt; such sale or assignment being, of course, subject to the lien or claim of the writ already served, but being effective, if made without fraud, to prevent the lien or claim of the writ upon which there has been no service from afterward attaching.

In this State, however, the first attachment does not hold the property or debt to the exclusion of all subsequent attachments, but for the benefit, not only of all judgments in attachment against the same defendant that are returnable at the same term, but of all judgments against such defendant recovered at that time, or at the term when the judgment in the first attachment upon which judgment shall be recovered, is rendered. Section 37 of our attachment law expressly provides that judgments such as we have indicated, "shall share *pro rata*, according to the amount of the several judgments, in the proceeds of the property attached, either in the hands of the garnishee or otherwise." It is plainly the legislative intention that, except in the event one or another of the cases especially provided for in the statute occurs, the proceeds of the whole of the property attached or debts garnisheed shall constitute a common fund in favor of all creditors of the common debtor, in proportion to the amounts of their respective demands, and it is only required of such creditors that they avail themselves of the right given to participate in such fund, by recovering judgment in one or another of the modes, and at the time, mentioned in the statute. It is the policy of the law in this State, that all the creditors, if they are but reasonably diligent, shall be placed upon an equality, and that the estate of the debtor shall be distributed among them equally and impartially. This intention can be accomplished and this policy made effective only by holding that when judgments are obtained in conformity with the provisions of this sec-

tion 37, the lien on property, or appropriation by the law of the indebtedness, as to each and all of the several judgments, has relation back to the date of the levy or garnishment on the first attachment writ. The court of law will regard the express requirement of the statute rather than the merely equitable title of the assignee, and will recognize and protect such title only when it is not inconsistent with the statute, and does not interfere with other and legal rights.

The whole property or fund is, from the time of the first levy or garnishment, in the custody, or at least under the control of the law, to be administered and distributed in accordance with the provisions of the statute. The general property of the defendant still remains, and he may transfer or assign the subject-matter; but the purchaser or assignee will take title subordinate to the lien or appropriation of indebtedness, and he is bound to know such lien or appropriation is not only for the benefit of the plaintiff in the writ levied or served on a debtor as garnishee, but by relation back for the common and equal advantage of all creditors who may avail themselves of the statute. It seems to us any other construction of the statute will lead either to numerous complications, palpable absurdities, or to a total disregard of the legislative mandate, the judgments "shall share *pro rata*, according to the amount of the several judgments, in the proceeds of the property attached." And the construction we give the statute works no injustice or hardship to the vendee or assignee; if he is a stranger he has or may have notice of the lien or appropriation by the law of the debt; and if he is himself a creditor he should not complain that the law does not permit him to get an advantage of other creditors and thereby defeat the just and equitable aim of the statute. If the statute were carried out, and the end it has in view accomplished, Berthold & Jennings would receive their *pro rata* share of the fund and that only; whereas by the construction contended for, the statute is effectively evaded and they get their debt in full, while other equally meritorious creditors, who are within both the words and the equity of the statute, get nothing.

We are of opinion the assignee of the Clinton Bridge Com-- pany took nothing by the assignment as against the plaintiff in the subsequent attachment. In the view taken the court below erred in adjudging that Berthold & Jennings recover of the garnishee the full amount of their judgment against the Bridge Company and that Reeve & Son, the assignees, recover the residue of the debt due from the garnishee to the Bridge Company, and that appellants take nothing.

The judgment is reversed and the cause remanded.

Reversed and remanded.