JOHN SPELLMYER *et al.*

*v.*

JAMES H. GAFF.

*Filed at Ottawa November 17, 1884.*

1. AMENDMENT *of sheriff's return—lapse of time.*  A sheriff's return of service of a chancery summons was allowed to be amended after the lapse of sixteen years, upon satisfactory evidence, so as to show the fact of a legal service as to minors, there having been no intervening adverse rights acquired to be injuriously affected thereby, and it was held proper.

2. If, however, the evidence on a motion for leave to a sheriff to amend his return to a summons as to service sixteen years after it was made, leaves it doubtful whether it fails to show the facts truly, the amendment may be refused.  So, if third persons have in good faith acted and acquired rights upon the return as made, the amendment should not be made to their prejudice; but when the rights of third parties, acquired in good faith, do not intervene, and the error in the return is beyond question, and the officer is present and desirous of correcting the return, mere lapse of time is no bar to the amendment.

3. SAME—*former decision.*  There is nothing in the case of *O'Conner* v. *Wilson,* 57 Ill. 226, to be understood as inconsistent with this ruling.  It was not held in that case that such an amendment should not be allowed after the expiration of twelve years,—on the contrary, the court there expressly said a period would not be fixed within which such an application should be made.

4. SAME—*admissibility of parol evidence.*  Where the officer is willing and desirous of correcting his return to process, so as to show a legal service, parol evidence is admissible for the purpose of showing the propriety of amending his return.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. WALLACE & TERRY, for the appellants:

As to the right to amend the return after so great a lapse of time, see *O'Conner* v. *Wilson,* 57 Ill. 232; *McCoy* v. *Morrow,* 18 id. 519; *Bernard* v. *Stevens,* 2 Aiken, (Vt.) 429; *Chicago Planing Mill Co.* v. *National Bank,* 86 id. 587; *Thatcher* v. *Miller,* 13 Mass. 271.

Parol evidence is not admissible to determine the propriety of amending the return. *Coughran* v. *Gutcheus,* 18 Ill. 390; *Botsford* v. *O'Conner,* 57 id. 72; *O'Conner* v. *Wilson,* id. 226; *Barlow* v. *Standford,* 82 id. 298.

Mr. C. C. STRAWN, for the appellee:

The indorsement made by the sheriff is not the service, but only affords evidence of that fact. *Dunn* v. *Rodgers,* 43 Ill. 262.

That the lapse of time is not a bar, when no intervening rights have been acquired, see *Slicer* v. *Bank of Pittsburg,* 16 How. 571; *Chicago Planing Mill Co.* v. *National Bank,* 97 Ill. 294; *Church* v. *English,* 81 id. 442; *Montgomery* v. *Merrill,* 14 Port. 102; *Kirkwood* v. *Reedy,* 10 Kan. 453; *Foreman* v. *Carter,* 9 id. 674; *Mason* v. *Messenger,* 17 Iowa, 261; *Jeffreys* v. *Callis,* 4 Dana, 465; *Montgomery* v. *Brown,* 2 Gilm. 581; *Mahurin* v. *Bracket,* 5 N. H. 9; Freeman on Executions, sec. 359; *Whittier* v. *Varney,* 10 N. H. 291.

Amendments have been allowed years after the making and filing of the original returns. Freeman on Executions, sec. 359; *Woodward* v. *Harbin,* 4 Ala. 534; *Jarboe* v. *Hall,* 37 Md. 345; *Williams* v. *Houston,* 71 N. C. 163; *Muldrow* v. *Bates,* 5 Mo. 214; *Blaisdell* v. *Steamer,* 19 id. 157; *Irvin* v. *Scobee,* 5 Litt. 70; *Thatcher* v. *Miller,* 11 Mass. 413; *Rucker* v. *Harrison,* 6 Munf. 181; *Scott* v. *Trustees,* 5 U. C. Pr. 228.

An amendment was allowed after twenty years, in *Gilman* v. *Stetson,* 16 Maine, 271, and an amendment was allowed after twenty-one years, in *Scruggs* v. *Scruggs,* 46 Mo. 271.

It is established by an overwhelming weight of authority that a return may be amended after the officer who made it has gone out of office. *Adams* v. *Robinson,* 1 Pick. 461; *Wilson* v. *Ray,* Charlt. (T. U. P.) 109; *Johnson* v. *Donnell,* 15 Ill. 97; *Morris* v. *Trustees,* 15 id. 266; *Gray* v. *Caldwell,* Hard. 63; *Newton* v. *Prather,* 1 Duv. 100; *Hutchins* v. *Brown,* 4 Har. & McH. 498; *Miles* v. *Davis,* 19 Mo. 408; *Keen* v.

*Briggs,* 46 Maine. 467; *Palmer* v. *Thayer,* 28 Conn. 237; *Bean* v. *Thompson,* 19 N. H. 290.

An ex-sheriff was permitted to amend a return made by his deceased deputy, in *Avery* v. *Bowman,* 39 N. H. 393; *Cushing* v. *Laird,* 4 Ben. 70.

An amendment was permitted after the officer had been suspended by an act of the legislature, and his functions transferred to another, in *Blaisdell* v. *Steamer,* 19 Mo. 157.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 31st of August, 1882, James H. Gaff, as ex-sheriff of Livingston county, presented his motion to the circuit court of that county for leave to amend the return made by him, while sheriff of the county, on a certain summons. Those interested, in opposition to the motion, were made defendants, and appeared and resisted its allowance.

It is conceded by both sides to be true, namely, that William F. Spellmyer, on the 4th of February, 1864, executed a mortgage upon an eighty and a forty-acre tract of land, specifically described in the record, situated in Livingston county, to secure the payment of his promissory note, to William D. Vansant. Soon afterwards, Spellmyer died intestate, leaving a widow, Sarah, and three children,—John, Laura and Caroline,—his heirs at law. After the death of Spellmyer, his widow, Sarah, intermarried with James Warner, and he thereafter resided with her and the children of Spellmyer, on the mortgaged land, as the head of the family, and cultivated the land for a support for such family for several years. While he was thus residing with them on the mortgaged land, as the head of the family, (in December, 1866,) the note secured by the mortgage not having been paid, Vansant filed his bill to foreclose the mortgage, in the Livingston circuit court, making the said James Warner, the said Sarah, his wife, and the said John, Laura and Caroline Spellmyer, de-

fendants. Summons was thereupon issued, in due form, and placed in the hands of James H. Gaff, then sheriff of Livingston county, to execute. He returned this summons on the 22d of December, 1866, with this indorsement thereon:

"I have executed this writ by reading the same to and leaving a true copy of the same with James Warner and Sarah Warner, and leaving a true copy of the same at the regular place of abode for each of the within named John Spellmyer, Laura Spellmyer, and Caroline Spellmyer, with a white person over ten years of age, and explaining to him the contents of the same, this 22d day of December, 1866.

J. H. GAFF,
*Sheriff of Livingston county, Ill.*"

On the 30th of January, 1867, the circuit court of Livingston county rendered a decree in the cause, taking an account and determining the amount due on the mortgage, and directing a sale of the mortgaged property for the payment of that amount, etc., and on the 27th of April, 1867, the mortgaged property was sold, pursuant thereto, by the master in chancery, and F. Plumb became its purchaser. On the 11th of January, 1868, Plumb assigned and transferred his certificate of purchase to said Sarah Warner, and on the 17th of August, 1868, the master in chancery executed a deed of the property to her. On the 12th of October, 1878, she conveyed the lands to Albert Lawrence, Jr., and O. P. Bourland, and on the 13th of November, 1879, Lawrence conveyed his interest therein to Edgar Cook. On the 9th of November, 1880, Cook and Bourland conveyed the forty-acre tract to F. Kennedy, and on the 18th of May, 1881, they conveyed the eighty-acre tract to A. C. Fosdick. On the 5th of April, 1882, Fosdick conveyed this tract to W. A. Haynes, H. P. Gordon, and W. G. Haynes.

It was offered to introduce Gaff and other persons, whose affidavits had been filed with the motion, and examine them

orally, as witnesses, touching the question of service, and allow the defendants opportunity to cross-examine them, severally; but the defendants waived this, and consented that the affidavits might be read and considered, for the purposes of the motion, as the evidence of such persons, respectively. The respect wherein leave was asked to amend the return was, to state that the true copy of the summons returned as left "at the regular place of abode for each of the within named John Spellmyer, Laura Spellmyer, and Caroline Spellmyer, with a white person over ten years of age, and explaining to him the contents," was in fact left for each of them, at their usual place of abode, with the said James Warner, a white person, (who was the head of the family of said Spellmyer,) over the age of ten years, and residing with them, and informing him of the contents. The circuit court allowed the amendment to be made, and this, on appeal to the Appellate Court for the Second District, was affirmed.

The appellants do not object that the evidence is insufficient to warrant the action of the circuit court, and there is not the slightest ground for objection in that regard. Gaff shows that he thoroughly recollects what he did in making service of the writ, and gives reasons which are entirely satisfactory why he should have such recollection. He is corroborated, in all respects, by the testimony of Warner, and they are both, to a considerable extent, corroborated by others. That the service was, in fact, properly made, there can be no reasonable doubt. The only objection urged to the correction of the return is the great lapse of time,—almost sixteen years,—that has intervened. This is undoubtedly a very important circumstance to take into consideration in passing upon such a question, but it is not necessarily controlling.

Counsel for appellants seize upon an expression in *O'Conner* v. *Wilson*, 57 Ill. 226, and insist that it holds that such an amendment should not be allowed after the expiration of twelve years. This is a misapprehension. As counsel con-

cede, the court there expressly said a period would not be .fixed within which such an application should be made; and the language used with reference to the time that had there ·elapsed, was with special reference to the facts of that case. In *Church* v. *English*, 81 Ill. 442, an amendment of a record showing that an order for change of venue had been made, .was allowed after the expiration of ten years, and it was said: "As between the original parties, we are not aware of any limitation as to the time in which such amendments may be allowed. No reason suggests itself why such amendments .may not be made at any time, so long as anything definite and certain remains to amend by." And in *Planing Mill Co.* v. *National Bank*, 86 Ill. 590, in speaking of the language of the opinion in *O'Conner* v. *Wilson, supra,* .it was said: "Nor ·was it determined in the *O'Conner case* what would be a reasonable time within which to ask leave to have the amendment made, and it will not be necessary to determine that point here." Mere lapse of time, where the rights of third persons will not be injuriously affected, as a general rule will not bar an amendment. *Gilman* v. *Stetson*, 16 Maine, 124; *Scruggs* v. *Scruggs*, 46 Mo. 271.

But counsel contend parol evidence is not admissible to de-.termine the propriety of amending this return, and they cite *Coughran* v. *Gutcheus*, 18 Ill. 390, *Botsford* v. *O'Conner*, 57 id. 72, *O'Conner* v. *Wilson, supra,* and *Barlow* v. *Standford*, 82 id. 298. The authorities cited do not sustain the position. The last three cited cases hold simply that the return of the officer can not be contradicted by parol testimony. No one asserts the contrary in the present case. The question, here, is not whether the officer's return shall be contradicted, but whether he shall, himself, be allowed to amend it. In the first cited case the question was, whether the court would hear oral testimony as to the character of judgment it was intended should be rendered in a particular case, and it was held such evidence is inadmissible,—a question not at all

analogous. Whether amendments of this character shall be allowed after the lapse of time, depends upon the peculiar circumstances of the case, and which, oftentimes, can alone be disclosed by oral evidence. If it is at all doubtful whether there is error in the return, the amendment ought not to be allowed. If third parties have in good faith acted and acquired rights upon the return as made, the amendment should not be allowed; but where the rights of third parties, acquired in good faith, do not intervene, and the error in the return is beyond question, and the officer is present and desirous of correcting the return, it is not perceived why any length of time should bar the amendment. The rights of third parties, here, instead of being adversely affected by the return, are promoted by it. The property has passed, by successive sales and transfers, to what we are to assume are purchasers in good faith, relying upon the decree under which the property was sold as authorizing the sale and divesting appellants' title. Appellants have taken no steps to remove the cloud thus cast upon their title, nor to repossess themselves of the land. This court has said, and truly so, that the indorsement made by the sheriff is not the service, but only affords evidence of the fact; and so where the sheriff amends the return, he does not change the fact, but the evidence, only, of the fact. *Dunn* v. *Rodgers et al.* 43 Ill. 260. See, also, *Montgomery* v. *Brown*, 2 Gilm. 581.

Appellants' position, therefore, is, notwithstanding they had the service to which they were entitled by law, and they have long since parted with the possession of their property, which has passed to *bona fide* purchasers, yet the court should, for the mere technical reason of the lapse of time, refuse to allow that evidence put upon the record. The position is utterly untenable.

We think the court properly allowed the amendment to be made. The judgment is affirmed.

*Judgment affirmed.*