## EBENEZER NOYES

## V.

## CARRIE KINGMAN ET AL.

*Judgments and Decrees—Practice—Limitations.*

1. Upon a motion, after a delay of ten years, to amend or vacate a return upon an execution and record entry, setting forth the satisfaction of a given judgment, this court holds that the evidence, as to a mistake therein, justified the action of the trial court in granting the same.

2. Such proceeding is not an " action " within the meaning of the statute of limitations.

[Opinion filed June 26, 1891.]

APPEAL from the Circuit Court of Coles County; the Hon. E. P. VAIL, Judge, presiding.

Mr. HORACE S. CLARK, for appellant.

Messrs. WILEY & NEAL, for appellees.

PLEASANTS, J. In May, 1878, appellee Carrie Kingman recovered judgment in the Circuit Court of Coles County against appellant for $3,000. Execution thereon was returned January 16, 1879, no property found. An *alias* was returned March 8, 1879, crediting $600 by sale of real estate in Moultrie County; a *pluries* on December 20, 1880, indorsed as follows : " I hereby return this execution, with the above levy on real estate, released by order of the plaintiff, and the execution satisfied." This writ was lost, but the return thereon was remembered as above, which was the entry on the execution docket.

On the 14th of April, 1890, a motion was made in the court below by the plaintiff in said writ, and the ex-sheriff, who made the return by deputy, to amend or vacate said return and record entry as to satisfaction of said judgment, which the court allowed against vigorous opposition by appellant, and made the order accordingly. From that order this appeal

was taken, and its reversal is here urged upon the ground that there was not sufficient evidence of a mistake in the return and entry, and that the motion was barred by the statute of limitations and the *laches* of plaintiff.

From the evidence preserved in the record we think it probable that the return was written by the attorney for the plaintiff, though he swears that he has no recollection of writing it, or of the handwriting, which he saw. But if it was, the last clause was written inadvertently. He says he had authority to release the levy, but none to acknowledge satisfaction, and that so far as he knows it was not satisfied. The ex-sheriff testified nothing was received by him on the writ, nor reported to him by the deputy who made the return as received by him, and the deputy, that nothing was in fact paid to him, but that he signed the return as written by plaintiff's attorney. The husband of Mrs. Kingman, who as her agent transacted all the business in connection with the judgment, testified that neither he nor she received anything in money or otherwise on that writ, and it was not in fact satisfied. Appellant himself was a witness on the hearing but stated no fact in conflict with the above, nor did any other.

We therefore can not say that the court erred in its finding of the fact for want of sufficient evidence.

This is not an "action" within the meaning of the statute of limitations, but a motion to amend the record of the proceedings in an action ended. And since the question is between the original parties alone, and no rights of others are claimed to have intervened, the propriety of the order made is settled by Spellmyer v. Goff, 112 Ill. 29, and cases there cited.

*Judgment affirmed.*