# Tennent-Stribbling Shoe Company v. The Hargardine-McKittrick Dry Goods Company, William C. Gilbert and The German American Insurance Company.

1. SERVICE OF PROCESS—*Defective Return—How Cured.*—A defect in the service of garnishee process is cured by the appearance and answer of the garnishee.

2. SAME—*Upon Assistant Manager.*—An assistant manager of a corporation is *ex necessitate* an agent, and service of process upon him in the absence of the president from the county by leaving a copy of the process, is sufficient.

3. GARNISHEE PROCESS—*Service of, in Attachment Proceedings.*—It is not necessary that garnishee process in attachment proceedings should be served before judgment is rendered against the principal defendant.

4. ATTACHMENT PROCEEDINGS—*Are in Rem.*—Attachment proceedings are *in rem;* the judgment against the principal defendant, where there is neither personal service nor appearance by him, is not *in personam,* but merely against him to the extent of his interest in the property attached. And if no property in which the defendant is interested is attached, the suit fails.

5. SAME—*What Gives the Court Jurisdiction.*—It is the seizing of property in which the principal defendant has an interest that gives the court jurisdiction.

6. SHERIFF'S RETURN—*Amendment of, After Appeal.*—A sheriff has power to amend his return so as to make the same correspond with the facts, and such amendment may be made after a cause has been appealed.

**Attachment and Garnishee Proceedings.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Submitted at the March term, 1895. Affirmed. Opinion filed April 22, 1895.

APPELLANT'S BRIEF, CRATTY BROS., MACLAREN, JARVIS & CLEVELAND, ATTORNEYS.

Creditors attaching the same fund or property may attack the validity of claims or judgments of each other on the question of distribution. Culver v. Rumsey, 6 Ill. App. 598; Brewster v. Riley, 19 Ill. App. 581.

In attachments, where service is had by publication, jurisdiction must appear from the record; it is not presumed.

Tennent-Stribbling Co. v. Hargardine-McKittrick Co.

Firebaugh v. Hall, 63 Ill. 81; Hayward v. Collins, 60 Ill. 328.

In attachment proceedings, service by publication, either property of the defendant must be levied upon or garnisheed. The existence of one of these conditions is jurisdictional. Clymore v. Williams, 77 Ill. 618; Lord v. Babel, 16 Ill. App. 434; Martin v. Dryden, 1 Gilm. 187; 8 Am. & Eng. Ency. of Law, 1126, "Return;" same page, 1118, title "Service," and note 2, page 1119.

Service of the writ must be as provided by law. The service on a corporation without a recital that the president was not found in the county is a nullity. St. Louis & Alton and T. H. R. Co. v. Dorsey, 47 Ill. 288; Cairo & Vincennes R. R. Co. v. Joiner, 72 Ill. 520; St. Louis & Vandalia & Terre Haute R. R. Co. v. Dawson, 3 Ill. App. 118; Grand Tower Mining, Mfg. & Trans. Co. v. Schirmer, 64 Ill. 106; Wells v. Stumph, 88 Ill. 56; Piggott v. Snell, 59 Ill. 106.

In proceedings *in rem* the court must acquire jurisdiction in the manner provided by law; not by consent of the parties, nor can the statutory course of procedure be waived, except by the debtor whose property is attached. Hayward v. Collins, 60 Ill. 328; 8 Am. & Eng. Enc. of Law, page 1121, title, "Service," and note 1; Hailey v. Hannibal, etc., R., 80 Mo. 112; Habel v. Amazon Ins. Co., 33 Mich. 400.

Amendments will not be allowed to the prejudice of the rights of third parties, judgment or attaching creditors, who have acquired rights that such an amendment would deprive them of. McCormick v. Wheeler, 36 Ill. 114; 1 Black on Judgments, 504, Sec. 410; page 192, Sec. 169; Lea v. Yeates, 40 Ga. 56; Crutcher v. Com., 6 Whart. 340; Legoirs, Admr., v. Rogers, 12 Ga. 281; Gaff v. Spellmyer, 13 Ill. App. 294.

APPELLEES' BRIEF, GREEN, ROBBINS & HONORE, ATTORNEYS.

Attachments returnable to the same term of court *pro rata*, no matter when the judgment is recovered. Warren v. Iscarian Com., 16 Ill. 114; Pollack v. Slack, 92 Ill. 221; Jones v. Jones, 16 Ill. 117; Warren v. Iscarian Com., 16 Ill. 114; Smith v. Clinton Bridge Co., 13 Ill. App. 572.

It is not necessary that the garnishee should be in court
at the time when the judgment against the principal defend-
ant is entered.   Toledo Co. v. Butler, 53 Ill. 323; Moore v.
Purple, 3 Gil. 149; Hawes v. Hawes, 33 Ill. 286; Spellmyer
v. Gaff, 112 Ill. 29.

A sheriff's return may be amended sixteen years after it
is made.  Spellmyer v. Gaff, 112 Ill. 29; see, also, Mont-
gomery v. Brown, 2 Gilm. 581.

Return may be amended after sheriff's term expires.
Morris v. Trustees, 15 Ill. 266.

Return may be amended by deputy.   O'Connor v. Wil-
son, 57 Ill. 226.

Return may be amended after case is in Supreme Court,
and even after supersedeas issued.   Ellis v. Ewbanks, 3
Scam. 584; Hawes v. Hawes, 33 Ill. 286; Toledo v. Butler,
53 Ill. 323.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION
OF THE COURT.

Appellee, at the December term of the Superior Court,
began attachment suit against W. F. Purteet, summoning
the German-American Insurance Company as garnishee;
the sheriff's return upon this summons, it is said, is de-
fective.

Granting that it is, we are of the opinion that such defect
was cured by the appearance and answer of the garnishee.
It is urged that a garnishee can not voluntarily come into
court, and thus confer jurisdiction.   The garnishee did not
voluntarily come into court.   Suit was begun and process
issued against it; service was had upon it by delivering a
copy of the writ to an assistant manager.   The office of as-
sistant manager is not one of those specifically mentioned in
the statute, in the description of persons with whom, in the
case of incorporated companies, a copy of the process may
be left.   The assistant manager of an incorporated company
is *ex necessitate* an agent, and the statute provides that serv-
ice may be made in the absence of the president, by leaving
a copy with any agent.

The service was manifestly of such a character that the garnishee was not, in filing an answer, volunteering to give jurisdiction. It could not know what return the sheriff would make upon the process he had at least attempted to serve upon it. It would have been perilous in the extreme for it to have failed to answer, relying upon either the service or the return being insufficient.

It was not necessary that the garnishee should have been served ere judgment was rendered against the principal defendant.

Attachment proceedings are *in rem;* the judgment against the principal defendant, where there is neither personal service nor appearance by him is not *in personam*, but merely against, to the extent of the interest of such defendant in the *rem.*

If no *rem* is ever laid hold of, or rather if no *rem* in which the principal defendant has an interest is seized, the suit fails; there is no judgment, because there has been laid hold of nothing against which a judgment can be pronounced. A garnishee may be summoned, he may answer, denying that he is indebted to or holds anything for the principal defendant; this answer may be controverted; final judgment upon the seizure thus made may not be had for years; mean-time the trial of the question of an indebtedness of the principal defendant is not delayed.

Appellant urges that until it appears by a proper return that the garnishee has been summoned, judgment can not be taken against the principal defendant; by the same course of reason it might be contended that judgment could not be pronounced against the principal defendant until it had been taken against the garnishee.

In the case of a garnishee, service of summons upon him and a proper return thereof does not establish that any *rem* has been laid hold of, *i. e.*, that he owes the defendant anything.

It is the seizing of a *rem* in which the principal defendant has an interest that gives the court jurisdiction. Smith v. Clinton Bridge Co., 13 Ill. App. 572; Clymore v. Williams, 77 Ill. 618.

By a supplemental record filed in this cause April 1, 1895, it appears that by order of the Superior Court, entered March 23, 1895, the court permitted the sheriff to amend his return, which he did by making the following return :

" Served this writ on the within named defendant, The German-American Insurance Company, as garnishee, by leaving a true copy thereof with Rogers Porter, who is assistant manager of said company, and who is an agent of said company, this 24th day of November, 1893, not having been able to find the president of said company in my county. The within named defendant, W. F. Purteet, not found in my county.

JAMES H. GILBERT, Sheriff,
By C. J. MANVEL, Deputy."

A sheriff has power to amend his return, so as to make the same correspond with the facts. Spellmyer v. Gaff, 112 Ill. 29; Morris v. Trustees, 15 Ill. 266; O'Connor v. Wilson, 57 Ill. 226.

Such amendment may be made after a cause has been appealed. Ellis v. Ewbanks, 3 Scam. 584; Hawes v. Hawes, 33 Ill. 286; Toledo v. Butler, 53 Ill. 323.

The judgment of the Superior Court is affirmed.