National Surety Company, Defendant in Error, v. Giacomo Maffioli, Plaintiff in Error.

Gen. No. 4,887.

1. APPEALS AND ERRORS—*when bill of exceptions essential.* Affidavits not included in a bill of exceptions are no part of the record and will not be considered on review.

2. AMENDMENTS AND JEOFAILS—*sheriff's return.* It is proper for the court to permit upon a proper showing the amendment of the return of the sheriff made upon a summons; at the term to which the process is returnable the leave may be allowed without notice to the party affected and as a matter of course; after the term and after the expiration of the term of office of the officer making the return, it may be amended within any reasonable time upon proper notice to parties to be affected. Such amendment may be predicated upon the recollection of the officer who made the service.

Assumpsit. Error to the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed March 24, 1909.

CHARLES W. FERGUSON, for plaintiff in error.

A. P. SMITH, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

On December 2, 1907, defendant in error brought suit in assumpsit against plaintiff in error in the Circuit Court of Winnebago county. Summons issued

thereon and was served on plaintiff in error. The return showing service thereof recited, "I have duly served this writ on the within named defendant, Giacomo Maffioli, by reading the same to.............. this 2 day of January, 1908.

CHARLES S. COLLIER, Sheriff,

By GUS JOHNSON, Deputy."

Judgment by default for $500 and costs was rendered against plaintiff in error January 15, 1908. Thereafter plaintiff in error sued out this writ of error to reverse the judgment for want of service. Three days before the writ of error was sued out plaintiff below notified defendant below that, at the April term, 1908, of the Circuit Court of Winnebago county, it would apply to said court for leave to the sheriff to amend his return of summons served in said cause, and that the case would be redocketed for said purpose. The April term of said court mentioned in said notice next succeeded the term at which judgment was entered. On April 13, 1908, both parties being present and participating, a hearing on the motion was had, and the court entered an order permitting the sheriff to amend the return to the summons to show service upon defendant below by a delivery of a copy of the summons to him. Defendant in error obtained leave, and filed in this court a supplemental record showing the proceedings on the amendment of the return in the court below. From the affidavits read on the hearing of the motion in the court below and appearing in the supplemental record, it appears that it was a disputed question of fact whether the copy of the summons was delivered to plaintiff in error or to his attorney, but these affidavits are not included in any bill of exceptions and are not preserved for our consideration. All that is properly shown by the additional record is, that such motion was made and heard in open court, both parties appearing and participating, and that leave was given the sheriff to amend the return, and that an amendment was made. As amended the re-

turn shows service in compliance with the requirements of section 2 of the Practice Act of 1907, which provides that service of summons, except where otherwise expressly provided by statute, shall be by leaving a copy thereof with the defendant in person.

The only question is as to the propriety of making the amendment. The authority of the sheriff or other officer to amend his return upon process so as to make it speak the truth has always been conceded to exist. By the fourth section of the statute of "Amendments", returns of sheriffs or other officers may be amended, according to the truth of the matter, by the court to which the return shall be made, in its discretion, as well before as after judgment. County of La Salle v. Milligan, 143 Ill. 344. At the term to which the process is returnable, the leave may be allowed without notice to the party affected and as a matter of course. O'Connor v. Wilson, 57 Ill. 226; Massachusetts Mutual Life Ins. Co. v. Kellogg, 82 Ill. 614. And after the term and after the expiration of the term of office of the officer making the return, it may be amended within any reasonable time upon proper notice to parties to be adversely affected. Chicago Planing Mill Co. v. Merchants' Nat Bank., 97 Ill. 294; Thrifts v. Fritz, 101 id. 457; Howell v. Albany City Ins. Co., 62 id. 50; Terry v. Eureka College, 70 id. 236; Thatcher v. Miller, 13 Mass. 270; County of La Salle v. Milligan, supra. But the amendment can only be made by the officer who made the return. Wilson v. Greathouse, 1 Scam. 173; O'Connor v. Wilson, supra; County of La Salle v. Milligan, supra. Amendment to a sheriff's or other officer's return so as to correspond to the facts, may be made after error brought or appeal taken. Ellis v. Ewbanks, 3 Scam. 584; Hawes v. Hawes, 33 Ill. 286; Tennent Stribbling Co. v. Hargardin McKittrick Co., 58 Ill. App. 368.

In the case at bar the amendment was made at the term next following that at which judgment was taken, and upon notice to the party to be affected ad-

versely, and by the officer who made the service in the first instance in accordance with the facts from his personal recollection. This was within the rule declared in O'Connor v. Wilson, *supra,* and Borlow v. Standford, 82 Ill. 298.

There was no error in allowing the amendment; and the judgment is therefore affirmed.

*Affirmed.*