William G. King, Defendant in Error, v. Joseph S. Ralston, Plaintiff in Error.

### Gen. No. 16,758.

1. ATTACHMENT—*when personal judgment improper on special appearance being entered.* Where a defendant not served with process in a nonresident attachment case files a special appearance for the exclusive purpose of pleading to the jurisdiction of the court and files an appropriate plea, the court is without power to enter a personal judgment against such defendant.

2. ATTACHMENT—*how jurisdiction of nonresident defendant may be acquired.* Where there is no personal service on a defendant in a nonresident attachment case, and no general appearance, and the suit is dismissed, as to the garnishee, a levy on property of the defendant is the only way in which jurisdiction can be acquired to render a judgment even *in rem.*

3. ATTACHMENT—*issues that may be tried under plea to jurisdiction.* Where a corporation in a nonresident attachment case has been garnished, and the defendant enters a special appearance and a plea to the jurisdiction setting up that he is a nonresident, has

not been served with process, and has no property within the county, the questions, whether Hurd's Statutes, 1911, ch. 77, sec. 53, can be construed to authorize a levy of an attachment writ on a share of stock in the manner therein provided for the levy of an execution, and whether a certain return is sufficient to show a levy, are issues that may be tried out under the plea.

Error to the Municipal Court of Chicago; the HON. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded with directions. Opinion filed October 16, 1912.

S. M. MEEK, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a suit in attachment begun against plaintiff in error as a non-resident of this state, which in fact he was. No personal service of the writ was had on plaintiff in error. The Ralston Steel Car Company was served as garnishee and a copy of the writ was delivered to one F. E. Simonds, who is described in one return thereon as "Western Sales Agent," and in another as "Western State Agent" of the Ralston Steel Car Company, a corporation, and a demand was made on him for a certificate of the number of shares of stock or amount of interest plaintiff in error held in that corporation, which certificate was not produced.

On the return day fixed in the published attachment notice, plaintiff in error filed his special appearance for the exclusive purpose of pleading to the jurisdiction of the court and filed therewith an appropriate plea of that character in which he set up that he was a nonresident of the state; that he had not been served with process in the action and that he had no property of any kind or nature in Cook County, Illinois, subject to attachment or garnishment. This plea was, on motion of defendant in error, stricken from the files. Plaintiff in error, being then ruled to plead, elected

to stand by his plea to the jurisdiction of the court, and was then defaulted and a judgment in form personal, was thereupon entered against him for $1,393.02, together with accrued interest thereon to the date of the judgment. No execution either general or special was ordered. The suit was then dismissed on motion of plaintiff in error as to the garnishee. To reverse this judgment plaintiff in error prosecutes this writ of error here. Defendant in error has filed no brief and argument.

Plaintiff in error, not having been personally served with process, the court had no jurisdiction to enter a personal judgment against him, unless by entering his appearance and filing his plea he voluntarily submitted himself to the jurisdiction of the court for all purposes. The appearance entered by plaintiff in error being special and the plea filed being a plea to the jurisdiction of the court, the court acquired thereby no jurisdiction to hear or determine any question, except the one raised by the plea, and was wholly without power to enter a personal judgment against plaintiff in error. Pack, Woods & Co. v. American Trust & Savings Bank, 172 Ill. 192. The judgment entered was, therefore, a nullity as a personal judgment. Whether it is a valid judgment *in rem* depends on whether any of the property of plaintiff in error was levied on under the writ. There being no personal service and no general appearance and the suit being dismissed as to the garnishee, a levy on property of plaintiff in error was the only remaining way in which the court could acquire jurisdiction to render a judgment, even *in rem*. Tennent-Stribbling Shoe Co. v. Hargardine-McKittrick Dry-Goods Co., 58 Ill. App. 368; Plato v. Turrill, 18 Ill. 273; Martin v. Dryden, 6 Ill. (1 Gilm.) 187-212; Smith v. Clinton Bridge Co., 13 Ill. App. 572.

From the wording of the return it is apparent that the officer attempted to make a levy of the attachment writ on any share or interest plaintiff in error might

have in the Ralston Steel Car Company, a corporation, in the manner provided by Section 53 of Chapter 77, Hurd's Statutes, 1911, which provides how such share or interest may be levied on and sold under an execution. Whether that section can be construed to authorize a levy of an attachment writ on a share or interest in a corporation in the manner therein provided for the levy of an execution, we do not decide, neither do we decide whether the return is sufficient to show a levy on the theory that a writ of attachment may be levied on such share or interest in the same manner as an execution may be levied thereon. Those are issues that should have been tried out under the plea that was stricken from the files. Howe v. Thayer, 24 Ill. 246; Pike v. City of Chicago, 155 Ill. 656; Drake v. Drake, 83 Ill. 526; Pooler v. Southwick, 126 Ill. App. 264.

It follows that the plea was improperly stricken from the files. The judgment of the Municipal Court is therefore reversed and the cause remanded with directions to deny the motion to strike the plea from the files, and for such other proceedings as may be had not inconsistent with this opinion.

*Reversed and remanded with directions.*