People of the State of Illinois, Defendant in Error, v. Charles Boynton, Plaintiff in Error.

Gen. No. 42,464.

Opinion filed June 30, 1943.

W. G. ANDERSON, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

Defendant was convicted of pandering and sentenced to one year in the county jail. The original information by John O'Malley was filed April 6, 1942 and at arraignment that day defendant pleaded not guilty and waived jury trial. On April 16th, the day set for trial, defendant withdrew both plea and waiver and the cause was transferred to the jury branch of the municipal court for jury trial. April 21st, the next

day set for trial, the State's Attorney with leave, filed an amended information by William Kipp. Defendant waived jury trial and the court, after hearing, found him guilty on the amended information which was filed to supplant the insufficient original.

After trial the amended information was lost or destroyed, according to an affidavit and certificate of an assistant prosecutor and deputy municipal court clerk, respectively, who state a diligent search has failed to locate the pleading. A motion based on ch. 116, sec. 2, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 117.02], was made by the State's Attorney September 4, 1942 to supply the lost pleading. The motion was supported by the affidavit and certificate aforesaid, and the affidavit of the prosecutor who tried the case that he recalled filing the amended information and that it was the same as the copy presented by the motion. The trial court allowed the substitute filed, finding that the pleading was lost or destroyed without fault of the prosecutor; that a certified copy was unobtainable; that damages and injustice would result if the pleading were not supplied; and that his own memory confirmed the truth of the substitute offered. The order was entered September 4th. The writ of error issued out of this court August 29th.

Defendant contends the original information charged no crime and that the court had no jurisdiction to enter the judgment of conviction; that the court had no jurisdiction after the writ of error issued to enter the order of September 4th and the order itself was improper; and that defendants' right to a jury trial was violated.

Defendant does not complain that the amended information upon which he was tried was insufficient and his first contention is without merit. He seeks to vitiate a judgment which, for all that appears, was regular in all respects, on the ground that after the trial the pleading was lost from the files and he does not say

,that the court had no power to supply the substitute pleading, but that it could not do so·after appeal. The law is otherwise. *Dunham v. South Park Com'rs,* 87 Ill. 185; *Heintz v. Pratt,* 54 Ill. App. 616; *National Surety Co. v. Maffioli,* 149 Ill. App. 255, 31 L. R. A. (N. S.) 207. (Note)

Defendant further contends that the order allowing the substitute was improper, as without adequate basis, but he does not contend that the foundation of the motion and order are false. In other words, because one of the reasons is the judge's memory of the amendment, he says that the judge's memory is too unreliable a base upon which to determine a man's liberty. He does not say that the judge's memory is erroneous and does not say that when the man's liberty was at stake, the amended information was different than the substitute filed September 4th.

The record shows defendant waived jury trial at the arraignment, withdrew the waiver on the day set for trial, was offered a jury trial in the jury branch of the municipal court and again waived. A fair inference is that he understood his right to a trial by jury and that the trial court gave it ample protection. There is nothing before us to indicate that the defendant's right in this respect, as defined in *People v. Fisher,* 340 Ill. 250, cited by defendant has been violated.

For the reasons given the judgment of the municipal court is affirmed.

*Judgment affirmed.*

BURKE, P. J., and HEBEL, J., concur.