## DAVID McCULLOCH

v.

## THOMAS B. ELLIS.

*Venue—Commencement of Suit in Wrong County—Practice—Remedies—Motion.*

Where a suit is improperly brought in a county other than that in which the defendant resides or is found, service being made in another county, it is proper practice to quash the writ and return and dismiss the suit upon motion.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. SHAW, Judge, presiding.

Messrs. McCULLOCH & McCULLOCH, for appellant.

The well-established rule in this State is, that, where process is defective on its face, or the return of service is, of itself, insufficient, the defect may be taken advantage of by motion to quash; but where the objection to the writ or service does not appear upon the face of the proceedings, but has to be shown by matters *dehors* the record, the objection must be made by plea in abatement. Greer v. Young, 120 Ill. 184; Holloway v. Freeman, 22 Ill. 197; McNab v. Bennett, 66 Ill. 157; Union Nat. Bk. v. First Nat. Bk., 90 Ill. 56; Rubel v. Beaver Falls Cut. Co., 22 Fed. Rep. 282; Holton v. Daly, 106 Ill. 131; Hearsay v. Bradbury, 9 Mass. 96; Beam v. Parker, 17 Mass. 601; Guild v. Richardson, 6 Pick. 368; Charlotte v. Webb, 7 Vt. 48; Lillard v. Lillard, 5 B. Mon. 340.

If, at the time of the commencement of the suit, appellee was a resident of Peoria county, the issuing of the *alias* writ to Rock Island county was proper; for the plaintiff, having commenced his suit properly, is not to be deprived of the benefit thereof by the defendant's changing his residence before service. Funk v. Ironmonger, 76 Ill. 506.

When the original writ has been properly issued, although not served, an *alias* may go to another county. Funk v. Ironmonger, *supra;* Hughes v. Martin, 1 Ark. 386.

Mr. GEORGE W. SPAHR, for appellee.

LACEY, P. J. Summons was issued in favor of appellant against appellee in Peoria county and directed to the sheriff of that county, dated July 15, 1887, and returned by the sheriff, "Thomas B. Ellis not found in this county this 23d day of September A. D. 1887." *Alias* summons was issued directed to the sheriff of Rock Island county and returned served on the appellee by the sheriff of that county, November 26, 1887.

There was a declaration in assumpsit for legal services filed by appellant. At the February term, 1888, appellee entered a special appearance by attorney and moved the court to quash the writ and return thereon, and to dismiss the suit; which motion the court sustained, quashed the writ and return, and dismissed the suit and entered judgment against appellant for costs. To reverse said judgment this appeal is taken. In support of the motion to quash, appellee filed an affidavit showing that, at the time of service of the summons and commencement of the suit, he was a resident of Rock Island county, and ever since has been, and not of Peoria county, and appellant filed a counter affidavit showing that appellee was present in Peoria when the first writ was issued and suit brought.

The appellant insists that the summons and return should not have been quashed and the suit dismissed on motion; that plea in abatement should have been filed by appellee; and secondly, that the suit should not have been dismissed. We think there was no error in the action of the court. It appeared on the face of the record that the appellee was served in a different county from the one in which he was sued. The service and return on the summons both showed it, at least *prima facie.*

There was nothing in appellant's affidavit to show that appellee was a resident in Peoria county at the time the suit

was brought or afterward, and we think that the words, "may be found," in the statute, have reference to the service alone. The affidavit of appellant only proved his personal presence in the county at the time the suit was brought, not that he was a resident.

It is not necessary in a case like this to file a plea in abatement. The relief may be obtained on motion. It appears to be the proper practice. In Safford v. Sangamon Ins. Co., 88 Ill. 296, where motion was made by the defendant to quash the writ, the court say: "The motion to quash the summons ought to have been allowed. On that motion it was shown to the court that this was a case in which the issue and service of this summons was forbidden by statute." See also Kenney v. Greer, 13 Ill. 432–450.

It is strenuously claimed that the suit ought not to have been dismissed. We are of opinion that the ruling in that respect was correct. The statute provides that it shall not be lawful to sue any one out of the county where he resides or may be found. The record showed that this was done in this case.

The appellee was sued in Peoria county, where he did not reside, against the express prohibition of the statute. Appellant had no right to have the suit remain on the docket to worry and annoy the appellee, and it was proper and right to dismiss it.

It would have been lawful to either quash the declaration or dismiss the suit. See cases above cited. It was unlawful to plant the suit in Peoria county.

There being no error in the record the judgment is affirmed.

*Judgment affirmed.*