JOHN H. HOWE, Appellant, *v.* F. PORTER THAYER, Appellee.

APPEAL FROM SUPERIOR COURT OF THE CITY OF CHICAGO.

A plea to the jurisdiction need not be verified by affidavit.

THIS was an action of assumpsit. The declaration contains two special counts, and a count for money had and received, and a count for an account stated.

The defendant pleaded in abatement as follows:

STATE OF ILLINOIS, ⎱  In the Superior Court of Chicago,
  COOK COUNTY, *ss.* ⎰     November Term, A. D. 1859.

And now the said defendant, J. H. Howe, in his own proper person, comes and says that this court ought not to have or take further cognizance of the action aforesaid, as to the said supposed causes of action mentioned in said plaintiff's declaration, because he says that before and at the time of the commencement of this suit, the said defendant was, and ever since has been, and still is, a resident of the county of Henry, in the

Howe *v.* Thayer.

State of Illinois, and has not resided in said county of Cook, nor been found in, or served with process in said action in said county of Cook.

And the defendant further says, that the said debts, contracts, or causes of action, mentioned in said plaintiff's declaration, (if any such have accrued to said plaintiff,) did not accrue in the said county of Cook, the county of said plaintiff, nor were the said contracts, or any of them, in the said plaintiff's declaration mentioned, specifically made payable in the said county of Cook.

And the said defendant further says, that there is a Circuit Court of said Henry county, within and for the said county of Henry, which has jurisdiction of the person of said defendant, and which may lawfully have and take cognizance of the said supposed causes of action mentioned in said plaintiff's declaration.

And this the said defendant is ready to verify. Wherefore he prays judgment, etc.

Which plea was verified as follows:

STATE OF ILLINOIS, Cook County, ss.

Jerome J. Beardsley, being first duly sworn, says that he verily believes the foregoing plea, and the matters and things therein set forth, to be true, and that he is a retained attorney of said defendant, to defend in his behalf the above entitled suit. J. J. BEARDSLEY.

Sworn to and subscribed before me this 30th day of November, A. D. 1859.

WALTER KIMBALL, Clerk.

Thereupon, the plaintiff filed his motion as follows:

And now comes the said plaintiff, by Evans & Hoyt, his attorneys, and moves the court to strike the said defendant's plea of abatement filed herein, from the files, for want of a sufficient affidavit of the truth thereof.

Thereupon, the court sustained said motion, and struck said defendant's plea of abatement from the files; to which the defendant excepted.

Thereupon, the default of the defendant was taken, and the court proceeded to hear, try and determine said cause, upon assessment of damages.

Court assessed the damages at $80.80, and rendered judgment therefor, and for costs, in favor of the plaintiff.

Defendant prayed an appeal, which was granted.

BEARDSLEY & SMITH, for Appellant.

EVANS & HOYT, for Appellee.

WALKER, J. This record presents the question, whether a plea to the jurisdiction of the court, in the nature of a plea in abatement, must be verified by affidavit. This must depend upon the construction of the first section of chapter one (Scates' Comp. 247), which is this : " No plea in abatement, other than a plea to the jurisdiction of the court, or when the matters relied upon to establish the truth of such plea appear of record, shall be admitted or received, by any court of this State, unless the party offering the same, or some other person for him, file an affidavit of the truth thereof." This provision undeniably requires all pleas in abatement that do not go to the jurisdiction, or the truth of which is not proved by matter of record, to be verified by affidavit. But the statute in terms provides, that it is only pleas in abatement, other than those to the jurisdiction, and such as the truth of which appear of record, that shall be so verified. When that provision was adopted, whatever may have been the common law practice, it exempted the latter class of pleas from its operation, and by embracing one class of pleas and exempting another in the enactment, there is a manifest design that those falling within the exception, shall be exempted from the enactment, and shall be governed by a different rule. When they excepted pleas to the jurisdiction of the court from being verified by affidavit, the effect was precisely the same as if the provision had expressly declared that such pleas need not be so verified.

When the statute has prescribed a rule of practice, it cannot be repealed by rules of court, or by practice, however long or uniform it may have been. The legislature has the right to regulate the mode of proceeding in courts, and when it has done so, parties cannot be deprived of its provisions, whenever they choose to invoke its enactments. The plea in this case, was a plea to the jurisdiction of the court over the person of the defendant, and the statute has made no distinction between pleas to the jurisdiction of the person or of the subject matter. Both classes are equally embraced in its provisions. And whether it was verified by affidavit or not, could make no difference as to its validity. The court below therefore erred in striking it from the files. Wherefore the judgment of that court must be reversed, and the cause remanded.

*Judgment reversed.*