JOSEPH HUMPHREY

*v.*

WILLIAM N. PHILLIPS *et al.*

1. PLEA IN ABATEMENT—*sending process to a foreign county.* The defendant in an action of assumpsit commenced in the county of Cook, pleaded in abatement that, at the time of the commencement of the suit he was a resident of McDonough county, and had been ever since; that he was not found or served with process in the county of Cook, but that he was served with process in the county of McDonough; that the cause of

action arose in the county of McDonough, and not in the county of Cook; that the contract upon which the action was brought was not actually made in the county of Cook, and that the same was not, nor any part thereof, made specifically payable in the said county of Cook: *Held*, on demurrer, the plea negatived every material fact necessary to give the court jurisdiction of the person, and was sufficient.

2. SAME—*surplusage.* The clause in the plea which alleged " the cause of action arose in the county of McDonough, and not in the county of Cook," presented an immaterial issue, under the act of 1861, and might be rejected as surplusage.

3. SAME—*middle initial letter in a name.* The omission in such a plea, of the middle initial letter in the name of the plaintiff, is of no importance, it not being regarded as any part of the name.

4. SAME—*whether certain facts should be negatived.* Where the record shows affirmatively that there was only one defendant, and that the suit was not brought under the attachment laws of the State, it is not necessary to allege those facts in the plea.

5. SAME—*whether an answer to several counts.* A declaration in assumpsit contained three counts; a special count on a sight draft, and two common counts. A plea in abatement, alleging " that the contract upon which the action was brought was not actually made in the county " in which the action was brought, " and that the same was not, nor any part thereof, made specifically payable in" that county, was held sufficient as an answer to the whole declaration. The term *contract*, as used in the plea, could be held to apply to the contract declared on in the several counts, or to each contract in the several counts.

6. SAME—*whether aided by stipulation.* However, a plea can not be aided in that regard, by reference to a stipulation that the contract embraced in the special count, was the sole cause of action relied on. The effect of such stipulation would be simply to limit the proof to that cause of action.

7. SAME—*degree of strictness required.* Such great strictness has never been required in pleas in abatement of this character as in pleas properly to the jurisdiction of the court.

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the facts.

Messrs. BAILEY & COLE, for the plaintiff in error.

Messrs. GOUDY & CHANDLER, for the defendants in error.

134          HUMPHREY *v.* PHILLIPS *et al.*          [Sept. T.,

Opinion of the Court.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The single question presented in this case arises on the demurrer to the plea in abatement.

The suit was commenced in the Superior Court of Chicago, and the summons was directed to the sheriff of McDonough county, and there served upon the defendant.

The declaration is in assumpsit, and contains three counts. The first count is on a draft payable at sight; the second is a common count, and the third is a count on an account stated. With the declaration was filed a copy of the draft, and the following statement: " Copy of draft sued on, and sole cause of action."

The plea filed alleges that, at the time of the commencement of the suit, the defendant was a resident of McDonough county, and has been ever since; that he was not found or served with process in the county of Cook, but that he was served with process in the county of McDonough; that the causes of action arose in the county of McDonough, and not in the county of Cook; that the contract upon which the action is brought was not actually made in the county of Cook; and that the same was not, nor any part thereof, made specifically payable in the said county of Cook.

That clause in the plea that alleges that " the cause of action arose in the county of McDonough, and not in the county of Cook," may be rejected as surplusage. It presents an immaterial issue, under the statute of 1861. That act provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except, where there is more than one defendant, then the plaintiff may commence his action in any county where either of them resides, and may have the summons directed to any county where the other defendants, or either of them, may be found. It also provides that the provisions of that act " shall not apply to any case where the plaintiff is a resident of, and the contract upon which the action is brought shall have been

actually made in, the county in which the action is brought, nor to any proceeding under the attachment laws of this State."

The law has always required great accuracy and precision in the structure and form of pleas in abatement. They must be certain to every intent, and if to the jurisdiction of the court, such pleas must, by averment of facts accurately and logically stated, exclude every intendment in favor of the jurisdiction of a court of general and unlimited jurisdiction. The presumption will always be in favor of the jurisdiction of the court, and the pleader must show that the court has not jurisdiction if he would oust it of its jurisdiction. *Parsons et al.* v. *Case*, 45 Ill. 296; *Diblee* v. *Davison*, 25 Ill. 486. As a general rule, pleas in abatement·are not favored by the courts. But the right of a party to be sued in the county where he resides, and have his cause tried there, is statutory, and he ought not to be denied that right—a right to him, in many instances, of the utmost importance—by any technical and metaphysical learning in regard to pleas in abatement. The plea, in this instance, is meritorious in its character, in addition to having its foundation in a statutory right. A plaintiff has no moral or legal right to compel a defendant, through mere capriciousness, or merely for the sake of his own convenience, to go to a distant part of the State to make his defense to any supposed cause of action.

The objections to the sufficiency of the plea in this case, are all, with one exception, of the most technical character.

It is objected that the plea omits the middle initial letter "S," in the names of two of the plaintiffs. Such an objection is entirely too trivial to be seriously considered by this court. The middle initial letter has never been regarded as any part of the name.

The only seemingly well founded objection that can be taken, arises upon the last averment in the plea, viz: " That the contract upon which the action was brought was not actually made in the county of Cook, and that the same was not,

nor any part thereof, made specifically payable in the said county of Cook."

If the declaration in this case contained only the special count on the draft, this averment would manifestly be sufficient to take the case out of the proviso to the section of the act of 1861, above cited. The difficulty is created by the additional counts. The declaration contains the common count and a count on an account stated. It is insisted by the defendants in error that they are counts upon separate contracts, and therefore the declaration counts on more than one contract, and that the plea, while it professes to do so, does not answer the whole declaration. With the declaration the plaintiffs filed a notice that the draft declared on was the "sole cause of action."

It is contended, that although there are three counts in the declaration, this stipulation, in some way, limits the declaration to one contract, and, therefore, that the plea is a sufficient answer. It has been repeatedly held by this court, that such a notice or stipulation forms no part of the declaration. Under our practice, the only office it can perform is to limit the proof to be heard on the trial. The effect would have been to limit the evidence to the draft as the "sole cause of action," and exclude all other causes of action. We do not think the plea can be aided by a reference to that stipulation.

The statute which prohibits the suing of a party out of the county where he resides, except in certain cases, confers a privilege on the citizen, of which he can avail if he chooses. If he does not plead his privilege in apt time, he will be regarded as having submitted to the jurisdiction of the court. It is entirely competent for such party to waive his privilege, and if he does so, the jurisdiction of the court will be complete. In *Kenney* v. *Greer*, 13 Ill. 432, it was held that a plea alleging such privilege was not a plea to the jurisdiction of the court. The decision proceeds on the ground that the circuit court has a general jurisdiction in all transitory actions, and that the objection is only to the writ as having been sued out and returned in the wrong county.

Such great strictness has never been required in pleas of this character as in pleas properly to the jurisdiction of the court. Whether the declaration shall be regarded as counting on as many distinct contracts as there are counts in the declaration, or only upon one contract declared on in the different counts, the term *contract,* as used in the plea, may be held to apply to the contract declared on in the several counts, or to each contract in the several counts. The pleader intended to deny that the contract declared on was made in the county of Cook, or was made specifically payable in that county; and if the declaration in fact counts on a contract in each count, it requires no forced construction of the terms used to say that the plea applies to each *contract,* and is, therefore, a complete answer to the whole declaration.

In *Beekman* v. *Traver,* 20 Wend. 67, the declaration contained two counts, and the taking of one gig charged in each; and the plea alleged that the defendant, as a constable, seized and levied on the "said gig." An objection similar to the one taken here was taken in that case, that the plea did not answer the whole declaration. It was held that the justification was complete and that each trespass was answered.

It is also objected, that the plea does not aver that there were not more than one defendant, and that the suit was not brought under the attachment laws of this State. These facts affirmatively appear to the court by the record, and it is unnecessary to plead them. If the record had disclosed the fact that there were more defendants than one, and that the action was brought under the attachment laws, the plea would be manifestly insufficient.

In our view, the plea in this instance is certain to every intent, and negatives every material fact necessary to give the court jurisdiction of the person of the defendant.

It was, therefore, error in the court to sustain the demurrer to the plea. The demurrer ought to have been overruled and judgment entered for the defendant.

For these reasons the judgment is reversed and the cause remanded.                                    *Judgment reversed.*