# CARLTON DRAKE

## v.

# ISAAC R. DRAKE.

1. PLEADING—*where suit is brought in the wrong county.* The statute prohibiting a defendant being sued out of his county, except in certain cases, confers a mere privilege on him, which he will be considered as having waived, unless he specially relies upon it by plea.

2. ABATEMENT—*that defendant is sued out of his county.* A plea in abatement that the defendant is improperly sued out of his county, arising from privilege of person, strictly speaking, should be classed as a plea to the jurisdiction, and conclude whether the court ought to have further conusance of the suit; but, according to previous rulings of this court, the plea will not be obnoxious to a demurrer if it improperly concludes by praying judgment of the writ and declaration.

3. SAME—*right to amend.* Under the present statute allowing amendments to pleadings, all formal or technical objections may be obviated by amendment; and a plea that the defendant is sued improperly in a county other than that of his residence, or where found, is of that substantial and meritorious character that amendments, either in form or substance, should be allowed to fairly present the defense.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. CHARLES KELLUM, for the appellant.

Mr. R. L. DIVINE, and Mr. JOHN J. McKINNON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee, against appellant, in the De Kalb circuit court. An *alias* summons to the sheriff of

Cook county was served on appellant, and, at the return term of the summons, he appeared and filed the following plea:

"STATE OF ILLINOIS, } ss.     *In the Circuit Court.*
De Kalb County.        *October Term, A. D.* 1873.

"And the said Carlton Drake, in his own proper person, comes and defends, etc., when, etc., and prays judgment of the writ and declaration aforesaid, because he says that, before and at the time of the commencement of this suit, and at all times since the commencement of this suit, the defendant has been, and still is, a resident of the county of Cook, in the State of Illinois, and has not resided in the county of De Kalb, nor been found in or served with process in said cause in the county of De Kalb aforesaid; and the defendant further avers that this action is not a local action, and this the defendant is ready to verify, wherefore he prays judgment of the said writ and declaration, and that the same may be quashed.

CARLTON DRAKE."

Appellee interposed a demurrer to the plea, which was sustained by the court. Thereupon, appellant asked leave of the court to amend the plea, which was denied.

Subsequently, appellant pleaded the general issue, and, by agreement of parties, a jury was waived, and the cause tried by the court, resulting in a judgment for appellee for $2722.50.

The questions presented for our consideration are, did the court properly sustain the demurrer to the plea, and, if so, was it error to refuse leave to amend it?

Since *Kenney et ux.* v. *Greer*, 13 Ill. 432, this court, in speaking of such pleas, has usually styled them pleas in abatement; but the form of their commencement and conclusion has never been the subject of consideration, except in *Tiffany* v. *Spalding*, 22 Ill. 493, where it was held that, in practice, under our statute, it could be a matter of no moment whether such plea is technically to the writ or to the jurisdiction; and in *Howe* v. *Thayer*, 24 Ill. 246, where the plea is denominated a plea to the jurisdiction of the court, in the nature of a plea in abatement, it was held that it fell within the exception in

the statute requiring pleas in abatement to be sworn to, and, therefore, no affidavit need accompany it.

All the cases since *Kenney et ux.* v. *Greer, supra,* agree that the statute confers a mere privilege on the defendant, which he will be considered as having waived, unless he shall specially rely upon it by plea interposed for that purpose.

Strictly speaking, the plea, doubtless, should be classed with those of which Chitty, in his work on Pleading, (vol. 1, 478,) says: "Some pleas in abatement, arising from privilege of person, may be classed under pleas to the jurisdiction, in respect of their affecting the jurisdiction of the court, and concluding whether the court ought to have further conusance of the suit, as, where an attorney or officer of a particular court, a tinner, or scholar of the universities, is sued out of the proper court." But, consistently with what was said in *Tiffany* v. *Spalding, supra,* and in *Humphrey* v. *Phillips et al.* 57 Ill. 132, the demurrer should not have been sustained because the plea improperly concluded by praying judgment of the writ and declaration, instead of praying judgment "whether the court ought to have further conusance of the suit." In the latter case, it was said: "But the right of a party to be sued in the county where he resides, and have his cause tried there, is statutory, and he ought not to be denied that right—a right to him, in many instances, of the utmost importance—by any technical and metaphysical learning in regard to pleas in abatement."

Aside from this view, however, by sec. 23 of the amended Practice Act, in force July 1, 1872, (R. L. 1874, p. 778,) it is enacted that, "at any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter, either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense."

The object and necessary effect of this section is, to do away with all merely technical or formal objections in regard to the pleadings, or, at least, to obviate the effect which they had at common law, as well as to bring the parties speedily to a trial on the merits; and we are of opinion the defense attempted to be set up by this plea, when interposed in good faith, is of that substantial and meritorious character, that any amendment of the plea, either in form or substance, essential to its proper presentation, is within the spirit as well as the language of the section, and should be allowed.

The judgment is reversed and the cause remanded.

*Judgment reversed.*