ALFRED B. SAFFORD *et al.*

*v.*

THE SANGAMO INSURANCE COMPANY.

1. PLEADING—*plea to jurisdiction.* To a suit brought in Sangamon county, with summons to Alexander county and service there, the defendants filed a plea asking judgment of "the writ and declaration," stating, among other things, that they were residents of Alexander county and not of Sangamon county, and praying judgment that the writ and declaration be quashed. The court sustained a special demurrer, for the reason the plea prayed judgment of the declaration and that it be quashed: *Held,* that it was error to sustain the demurrer, the plea not being faulty.

2. SAME—*plea to jurisdiction not in abatement—amendable.* A plea showing that a defendant has been sued out of his county, on process sent to his county, is not a plea in abatement, but a meritorious one to secure a substantial right, and if defective in form is amendable.

3. °PROCESS—*to foreign county.* Where summons is sent to another county, in a case where it is not allowed by the statute, and there served on the defendant, he being a resident of such other county, it should be quashed on motion and proof of such facts.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was an action of assumpsit, brought by appellee, in the circuit court of Sangamon county. Summons was issued to the sheriff of Alexander county, and by him returned duly served on defendants in that county. Defendants filed a plea asking judgment of "the writ and declaration," and stating, among other things, that they were residents of Alexander county and not of Sangamon county, and that the only service of summons upon them was had in Alexander county and not in Sangamon, and praying judgment that the writ and declaration be quashed. To this plea plaintiff demurred, and for special cause pointed out that the prayer for judgment of "the declaration," and that the same be quashed, was not technically appropriate in such plea. The demurrer was sustained, and a motion made by defendants for leave to file an amended

plea, was overruled—also a motion to quash the writ was overruled—and to these several rulings defendants excepted, and preserved the proofs offered in a bill of exceptions. The defendants making no further defense, default was taken, and final judgment was had against them, from which they appeal to this court.

Messrs. STUART, EDWARDS & BROWN, for the appellants.

Messrs HAY, GREENE & LITTLER, for the appellee.

Per CURIAM: The plea was not faulty. The objections presented on special demurrer were not material, and it was error to sustain the demurrer. *Drake* v. *Drake,* 83 Ill. 528. Had the grounds for special demurrer been tenable, the application to amend should have been allowed. This plea was not strictly a plea in abatement. Its effect, if sustained, would not have been mere delay—it would have given defendants a right to have the trial in their own county. This plea is meritorious, and was necessary to the protection of a substantial right granted by statute. The exception, in the statute of amendments, against the amendment of pleas in abatement, does not embrace pleas of this character. The motion to quash the summons ought to have been allowed. On that motion it was shown to the court that this was a case in which the issue and service of this summons was forbidden by statute.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE DICKEY: I think the special demurrer was well taken and was properly sustained, but defendants had the right to amend. I concur in the position that the writ ought to have been quashed on motion.