THE MIDLAND PACIFIC RAILWAY COMPANY *et al.*

*v.*

JOHN J. McDERMID *et al.*

1. AMENDMENT—*pleas to the jurisdiction.* Under the statute of this State the court may with propriety grant leave to amend pleas to the jurisdiction of the court as to the defendants.

2. SERVICE OF PROCESS—*on agent of foreign corporations.* Where a foreign corporation does business and has agents in this State with property, service may be had upon such corporation through such agents or officers doing business here, the same as upon domestic corporations.

3. But where a foreign corporation does not transact its business in this State, and has no office or agents located in this State, service of process upon one of its officers or agents while temporarily in this State on private business, or passing through it, will confer no jurisdiction on the courts over such corporation.

4. PLEA *to the jurisdiction.* A plea to the jurisdiction of the court, not as to the subject matter of the suit, but only as to the person of the defendant, need not allege what court has jurisdiction, but it is sufficient if it shows the court in which the suit is pending has not jurisdiction of the defendant.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action on the case, brought by plaintiffs, in the Superior Court of Cook county, against the defendant corporations, to recover for a loss they allege they met with from making advances in their business, as commission merchants, upon bills of lading issued in the name of the Midland Pacific Railway Company in such form that they would be and were taken to be full or average car loads of wheat containing the usual number of pounds or bushels, when, in truth and in fact, they fell very far short of such average.

The return of the sheriff, upon the summons issued, is as follows: "Served this writ on the within named, the Midland Pacific Railway Company, by reading the same and delivering a copy thereof to J. N. Converse, general superintendent of said company, the 26th day of January, A. D. 1876, the president of said company not found in my county. Also served this writ on the within named, the Nebraska Railway Company, by reading the same and delivering a copy thereof to J. N. Converse, general superintendent of said company, the 26th day of January, A. D. 1876, the president of said company not found in my county."

Separate pleas in abatement to the jurisdiction of the court were filed by each defendant. In the plea filed by the Midland Pacific Railway Company, it is averred that company was " a corporation aggregate, existing and doing business under and by virtue of the laws of the State of Nebraska, and not elsewhere, with its principal office in the city of Lincoln, county of Lancaster, and State of Nebraska, and that, at the time of the commencement of said suit and service of summons on John N. Converse, the alleged general superintendent of the said Midland Pacific Railway Company, said Converse was not the general superintendent of the said Midland Pacific Railway Company, and was not at that time in the State of Illinois on business of defendant,  *  *  *  but was temporarily in said Cook county and passing through the same to his home and residence  *  *  *  in the State of Nebraska."

The plea filed by the Nebraska Railway Company was, in substance, the same as that filed by its co-defendant, except it contained no averment Converse was not its general superintendent, but it did contain an additional averment, "it had no property of any kind or nature whatsoever in the State of Illinois."

To these pleas a demurrer was sustained, but, before final judgment was rendered, defendants asked leave of the court to amend their respective pleas by the insertion in each of them of the following: "That at and prior to the commence-

ment of this suit, the defendants were respectively corporations existing and doing business under and by virtue of the laws of the State of Nebraska, and did not at that time exist or do business or have any property or offices or any agent or agents of any kind or nature whatsoever in the State of Illinois." But the motion was denied, and that decision, together with the decision of the court sustaining the demurrer to the pleas as first filed, are among the errors assigned. On sustaining the demurrer to the separate pleas of defendants, the court assessed plaintiffs' damages and rendered final judgment for the same, and defendants bring the cause to this court on appeal.

Messrs. SMALL & MOORE, for the appellants.

Messrs. DENT & BLACK, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Leave was asked by defendants before final judgment to amend their pleas. Under our statute, as construed by the former decisions of this court, the leave asked might, with great propriety, have been granted. *Humphrey* v. *Phillips*, 57 Ill. 132; *Drake* v. *Drake*, 83 Ill. 528. But it is a matter of no consequence, as the amendment proposed would not essentially aid defendants' pleas.

The decision of this case depends mainly on the construction that shall be given to that section of the statute that provides for obtaining service of process upon corporations. It is as follows: "An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought. If he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal director, engineer, conductor, station agent or any agent of said company found in the county." Practice Act, sec. 5, Rev. Stat. 1874.

It was held in *Mineral Point Railroad Co.* v. *Keep*, 22 Ill. 9, the act of 1853 on this subject, which is, in substance, the same as the section cited, was not confined by its terms to domestic corporations, but was designed to procure service upon railroad companies having their offices and officers in foreign States, and yet do business and have their agents and their property in this State.    Conceding the correctness of the rule stated, as we do, it has no application to the case in hand.    Defendants had no agents in this State.    It is alleged, and the demurrer, of course, admits the same to be true, that defendants are corporations "existing and doing business under and by virtue of the laws of the State of Nebraska, and not elsewhere," and that Converse, upon whom the summons was served, as superintendent of the defendant companies, was not at the time in Cook county upon any business of defendants, but was temporarily passing through the county of Cook "on his way to his home and residence in the State of Nebraska."    There being no local agents of defendants in this State, there could be no one on whom service of process could be rightfully had.    According to the pleas, defendants existed and were doing business in the State of Nebraska, and not elsewhere.    That averment excludes the idea they were doing business in this State, and hence had no agents in the State within the jurisdiction of our courts.    It was certainly never intended that service could be had on a foreign corporation by leaving a copy of the process with any officer or agent of the company that might chance to pass through the State on his private business.    Had the legislature intended to so provide, it would certainly have used more apt words to express that intention.    There is great justness in the construction heretofore given to this clause of the statute, that where foreign railroad companies do business in this State and have here local agents, service of process may be had on them in like manner as upon domestic companies.    That is the broadest construction that can be given to this section of the statute, and it does not authorize service of process upon foreign cor-

porations by leaving a copy thereof with any officer or agent that might be passing through the State on his private business, and thus bring such companies within the jurisdiction of our courts.

As the pleas were not to the jurisdiction of the court over the subject matter of the suit, but only as to defendants, we do not understand it was necessary the pleader should allege what court had jurisdiction. It is enough, it appears the court did not have jurisdiction over defendants or either of them.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER: I am unable to concur in the decision in this case. I hold that the statute authorized the service, and that it was good, and the court thus acquired jurisdiction to try the case.