### John Hobson v. James M. Tritt et al.

1. NON-RESIDENCE—*Right to Plead, Not Waived by Plea Denying Liability.*—Non-residents of a county were sued jointly with a resident and filed pleas denying liability, the suit was dismissed as to the resident defendant when the non-residents, by leave of court, withdrew their former pleas and filed a plea to the jurisdiction on the ground of their non-residence : *Held*, that by the action of the plaintiff in dismissing as to the resident defendant the case was taken out of the operation of the proviso in the statute and brought within the prohibition, and that the plea set up a good defense.

**Trover**, alleging the conversion of four mules and other property. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1896. Reversed and remanded. Opinion filed March 3, 1897.

JOHN G. IRWIN and E. BREESE GLASS, attorneys for appellant.

WM. WINKELMANN and JESSE M. FREELS, attorneys for appellees.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit involves a construction of Section 2 of the Practice Act, which provides: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law where there is more than one defendant, the plaintiff commencing his action where either of them resides, may have this writ or writs issued, directed to any county or counties where the other defendant or either of them may be found; provided, that if a verdict shall not be found or judgment rendered against the defendant or defendants resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action."

The contention is principally in regard to the proper construction of the proviso, which for better analysis may be divided into three parts: 1, that a verdict or judgment must be entered against the resident defendant; or, 2, if not, judgment "shall not be rendered against those defendants" who are non-residents; 3, unless they appear and defend the action. The idea of unity and finality is implied in the judgment to be rendered, both as to the resident and non-resident defendants; that is, a judgment that disposes of the entire case as to both classes of defendants, at the same time.

In other words, the proviso contemplates that the resident defendant will be a party when such judgment disposing of the entire case is entered. Otherwise, how could it be determined, as provided by that proviso, that judgment should or should not be rendered against such resident defendant. Upon that determination, either for or against the resident defendant, depends, under that proviso, the right to enter judgment against the non-resident defendants, though they have plead to the action.

In other words, the verdict (meaning a final hearing) or judgment (likewise in same connection meaning final hear-

ing) for or against the *resident* defendant is a prerequisite to the right, at the same time, to render judgment against the non-resident defendants, though having appeared and plead.

That proviso does not contemplate that a verdict may be found or a judgment rendered for or against the resident defendant at one time, and then, that a verdict may be found or judgment rendered against the non-resident defendants at another time, if they have plead to the action.   But that, if the non-resident defendants have plead, and at final hearing, disposing of the entire case, judgment is not rendered against the resident defendant, judgment may be rendered against the non-resident defendants.   The judgment referred to by this proviso relates to the final judgment on hearing, as to the resident defendant, just as clearly as it does to the non-resident defendants.   The idea of separate judgments at different times, by dismissal as to resident defendant and then thereafter a trial and judgment against the non-resident defendants, if they have plead before dismissal, is not implied.   Unity of time, and of both classes of defendants in the same suit when the judgment is rendered, is implied, notwithstanding the plea.   To hold that the words, "unless they appear and defend the action," permits the plaintiff to dismiss the suit as to resident defendant, as soon as non-resident defendants file their plea, and then proceed to trial against them, would be a perversion of the statute and defeat its salutary purpose.

It would deprive them of substantial rights, viz., the statutory right to be sued in the county of their residence, and the constitutional right to defend wherever lawfully sued without by such defense waiving against their will the statutory right as to the county of suit.   A defendant should not be deprived of such a statutory and substantial right against his will, merely by the exercise of his constitutional right of filing his plea in defense of the action, which was all he could do, if he wanted to defend, while the resident defendant was a party to the suit.   By such a practice he might be called hundreds of miles distant from

his county to defend a suit, only to find, after filing his plea in defense of the action, in the exercise of his constitutional right, that he had been trapped. A construction should not be given to this statute that would enable plaintiffs to indulge in such a practice and thereby defeat its plain purpose. The plaintiff in such a suit takes the chances of obtaining judgment against the resident defendant, if the non-residents do not appear and defend the action; and likewise takes the chances of being able to maintain his suit on the hearing of his evidence until determined by final verdict or judgment that the resident defendant is or is not liable, before he can obtain judgment against the non-resident defendants, though they appear and plead to the action.

The Supreme Court has uniformly held, and with emphasis, that the right of a person to be sued in the county of his residence is not only a statutory but a substantial right, Humphrey v. Phillips, 57 Ill. 132; Drake v. Drake, 83 Ill. 526; Safford v. Sangamon Ins. Co., 88 Ill. 296; and that a plea to the jurisdiction of the court, in such case, is a meritorious plea, amendable in form or substance. Drake case, *supra*; M. P. Ry. Co. v. McDermid, 91 Ill. 170.

In the case in hand, as soon as plaintiff dismissed the suit as to the resident defendant, then for the first time the suit came within the plain prohibition of the statute and the non-resident defendants withdrew, by leave of court, their former pleas and filed a plea to the jurisdiction on the ground of their non-residence, to which the court sustained a demurrer because they had previously filed their pleas, which ruling was error. By the action of the plaintiff, the cause was taken out of the operation of the proviso and brought within the prohibition.

The plea setting up the statutory right was filed at the *first* opportunity, and should have been sustained. Some technical objections are made to this plea as not being good under the technical rules applicable to the common law plea of abatement, but, as has been held, 91 Ill. 170, *supra*, these rules do not apply.

It is urged the defendant might have filed this plea at an

earlier date.   This is a mistake.   The statutory conditions, making it unlawful for the plaintiff to sue the defendant out of the county of his residence, or where he might be found, did not exist until the plaintiff dismissed the suit as to the resident defendant.   It is not necessary for the court to decide whether the first special plea set up a good defense in law or not.   That question is not before us, as the plea was withdrawn by leave of court, when the suit was dismissed as to the resident defendant.

The judgment is reversed and the cause remanded.