## Elizabeth C. Pooler v. Pliny S. Southwick.

### Gen. No. 4,569.

1. AMENDMENT—*how record of, may not be preserved.* It is not the office of the clerk of a court to recite in his record that a party has amended a pleading, nor to preserve in his record the language of such amendment.

2. AMENDMENT—*when takes effect.* An order granting leave to amend a plea does not of itself constitute an amendment, and the amendment does not take effect until the pleading is actually amended.

3. DILATORY PLEA—*when need not be verified.* A plea to the jurisdiction of the court, in the nature of a plea in abatement, need not be verified.

4. PLEA TO JURISDICTION—*how should conclude.* A plea to the jurisdiction of the court properly concludes with the prayer, "if the court here will take cognizance of the action aforesaid."

5. PLEA TO JURISDICTION—*when proper.* A plea which attacks an effort to sue a party outside of the county where he resides is meritorious, and is founded upon a statutory right.

6. PLEA TO JURISDICTION—*right to amend.* By virtue of the statute of amendments and jeofails, the right to amend a plea to the jurisdiction exists.

7. APPEARANCE—*when motion for leave to amend does not confer jurisdiction.* A motion for leave to amend a plea to the jurisdiction does not constitute a general appearance.

8. MISNOMER—*what is not pleading a.* To state after the beginning of a plea to the jurisdiction that the defendant's name is other than that by which he is sued in the matter of the middle initial, is not pleading a misnomer and does not render double a plea to the jurisdiction.

Action on the case. Error to the Circuit Court of La Salle County; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed April 20, 1906.

HUTTMANN, BUTTERS & CARR, for plaintiff in error.

BROWNE & WILEY, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

In this action on the case by Pooler against Southwick, in the Circuit Court of La Salle County, defendant filed a plea. Plaintiff demurred thereto. During the argument upon the demurrer, defendant obtained leave to amend his

plea. The record kept by the clerk recites that the defendant did amend his plea, and sets out the words of the supposed amendment. It is not the office of the clerk of a court to recite in his record that a party has amended a pleading, nor to preserve in his record the language of such amendment. This recital by the clerk was unauthorized, and the record is not affected or enlarged thereby, but remains the same as if this improper recital had not been made. The plea itself, as set out in the record, was not amended, and the clerk certifies that this is a complete transcript of the record, including the pleadings. Therefore, according to the record before us, the plea was not in fact amended. An order granting leave to amend a plea does not of itself constitute an amendment, and the amendment does not take effect till the pleading is actually amended. Condon v. Schoenfeld, 214 Ill. 226; Landt v. McCullough, 206 Ill. 214; Sinsheimer v. Skinner Mfg. Co., 165 Ill. 116; Wisconsin Central R. R. Co. v. Wieczorek, 151 Ill. 579. The demurrer was overruled. Plaintiff elected to abide by the demurrer. Defendant had judgment for costs. Plaintiff has sued out this writ of error to reverse said judgment. Plaintiff claims that the plea is in abatement, and is bad, because not verified by affidavit; and also because its conclusion is incorrect; and also because it is double; that the motion for leave to amend the plea was a full appearance and waived the plea in abatement; and that if the demurrer was properly sustained, still the judgment should only have been to quash the writ, and not a final judgment for costs.

The summons ran to the sheriff of La Salle county to serve, and commanded him "to summon Pliny S. Southwick, if he shall be found in your county," etc. The return by the sheriff was that he had duly served the writ, by reading the same, etc., "as I am therein commanded." The plea averred that the defendant was not found or served with process in said action in the county of La Salle, but was found and served with process in said action in the county of De Kalb. This is a permissible plea. Sibert v. Thorp, 77 Ill. 43. But the plea went further, and averred

that before and at the time of the commencement of said action, the defendant was, and from thence hitherto has been, and still is, residing in the county of De Kalb, in said State of Illinois, and not in said county of La Salle. Plaintiff argues this is a mere plea in abatement, disputing the return of the sheriff, and therefore it should be verified by affidavit, and should only pray judgment that the writ be quashed.   The return of the sheriff that he had served the summons "as I am therein commanded," implies that the defendant was found in his county of La Salle, as it was only in such case that he was commanded to summon the defendant.   The first part of the plea does dispute what is so implied in the return of the sheriff, but it goes further, and also questions the jurisdiction of the court on the ground of the non-residence of defendant in the county where the suit was brough t.   This is not, therefore, an ordinary plea in abatement, but it is what is sometimes called "a plea to the jurisdiction of the court in the nature of a plea in abatement."   Such plea is not required to be verified by affidavit, under our statute.   R. S. 1874, chap. 1, sec. 1; Howe v. Thayer, 24 Ill. 246; Drake v. Drake, 83 Ill. 526.   The contrary was held in Ryan v. Lander, 89 Ill. 554, but this was a short *per curiam* opinion, and it did not notice the earlier decisions above cited, and did not refer to the language of our statute, which clearly means that an affidavit shall not be necessary where the plea is to the jurisdiction of the court.   We therefore feel bound to follow the statute and the earlier decisions above cited.

The plea to the jurisdiction of the court properly concludes with a prayer " if the court here will take cognizance of the action aforesaid," and this form of conclusion is one of the matters in which such pleas are distinguishable from pleas in abatement proper.   1 Chitty Pl. 441.   A plea which attacks an effort to sue a party outside of the county where he resides is meritorious, and founded upon a statutory right.   Humphrey v. Phillips, 57 Ill. 132; Safford v. Sangomo Ins. Co., 88 Ill. 296.   It was accordingly held in Drake v. Drake, *supra*, that a demurrer to such a plea

should not be sustained, even if the conclusion of the plea was not strictly accurate.

Such a plea to the jurisdiction of the court is amendable and our liberal statute of amendments applies fully thereto. Midland Pacific Ry. Co. v. McDermid, 91 Ill. 170; Drake v. Drake, *supra.* Hence a motion for leave to amend such a plea cannot be said to be a general appearance giving the court full jurisdiction. Such a rule would defeat the right to amend, for' leave to amend can only be obtained by a motion to the court. It would be a contradiction in principle to hold that one may amend a plea to the jurisdiction of the court, but that if he asks leave to do so he thereby defeats the plea and gives the court full jurisdiction.

The claim that the plea is double is based upon the fact that in the beginning of the plea defendant stated "that his name is Pliny C. Southwick, and not Pliny S. Southwick." This was not pleading a misnomer, but was equivalent to saying "Pliny C. Southwick, impleaded as Pliny S. Southwick," and explained why he signed the plea "Pliny C. Southwick," and obviated the objection, which might otherwise be made to the plea, that it did not appear to be signed by the defendant. The middle letter is no part of the name, and the statement was immaterial and unnecessary, and did not affect the plea.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*