CHARLES C. SPENCER, Appellee, *vs.* THE ÆTNA INDEMNITY
COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. PLEADING—*effect of obtaining leave to file an amended plea.*
By obtaining leave to file, and filing, an amended plea, the defend-
ant waives the right to question the correctness of the ruling of
the court in holding the former plea insufficient.

2. SAME—*plea in abatement is not amendable.* A plea in abate-
ment, except to the jurisdiction of the person of the defendant, is
not amendable, and if not verified it should be stricken from the
files, and leave should not be given to file an amended plea.

3. APPEALS AND ERRORS—*when cross-error is not necessary.* A
judgment sustaining a demurrer to a plea which the defendant had
no right to file must be upheld on appeal, notwithstanding the trial
court erroneously denied plaintiff's motion to strike the plea from
the files and plaintiff did not assign cross-error on such action.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. THOMAS G. WINDES,
Judge, presiding.

JUDAH, WILLARD, WOLF & REICHMANN, for appellant.

CHARLES C. SPENCER, *pro se.*

Mr. JUSTICE FARMER delivered the opinion of the court:

Julia M. Cooney recovered a judgment against the
United States Wringer Company, in the superior court of
Cook county, for $5210. The defendant in that case ap-
pealed to the Appellate Court, where the judgment of the
superior court was affirmed, and from the judgment of the
Appellate Court it prosecuted an appeal to this court. The
judgment of the Appellate Court was affirmed by this court,
(214 Ill. 520,) and not having been paid, plaintiff in said
judgment began suit on the appeal bond given in the Ap-
pellate Court upon allowance of the appeal to this court.

The suit was begun and declaration filed on May 5, 1905. On the 16th of May, 1905, the declaration was amended by inserting after the name of Julia M. Cooney, plaintiff, wherever it occurred, the words, "for the use of Charles C. Spencer." Service was had only upon appellant, the Ætna Indemnity Company, the surety on the bond. On the 22d of May appellant pleaded in abatement that on the same day the suit was begun, but prior to its commencement, the United States Wringer Company instituted an attachment suit against Julia M. Cooney in the common pleas court in Franklin county, Ohio; that appellant was made defendant to said suit as garnishee, and that it was sought in said suit to attach the same indebtedness as that for which the action to which the plea was filed was brought. The plea was verified by an affidavit, in which the affiant stated the affidavit was true "to the best of his knowledge and belief." On the 27th of May appellant, by leave of court, filed an amended plea *nunc pro tunc* as of May 22. The amended plea was the same as the original plea, except that the affidavit stated the plea was "true in substance and in fact." On the same day this amended plea was filed appellee moved to strike both the original and amended pleas from the files. This motion was overruled and appellee excepted. Subsequently, appellee demurred to the plea and the court sustained the demurrer. Appellant asked and was given leave to amend, and on the 13th of June filed an amended plea setting up the same matters, but more in detail, set out in the plea to which the demurrer was sustained. Appellee moved to strike this plea from the files, but the court overruled the motion and appellee excepted. Afterwards the appellee demurred to the amended plea. The court sustained the demurrer, and appellant electing to stand by its plea, judgment was entered against it for $6000 debt and $5938.82 damages. This judgment was rendered February 13, 1906, and Julia M. Cooney died February 23, 1906. Thereafter, and within the time allowed for filing an appeal

bond, and before the same was filed, appellee suggested the death of Julia M. Cooney of record. Appellant thereupon moved for a rule upon appellee to show by what authority he had used the name of Julia M. Cooney as the nominal plaintiff. This motion was denied and the appeal bond made to appellee, the beneficial plaintiff. Appellant filed its bond and perfected its appeal from the judgment of the circuit court to the Appellate Court. The Appellate Court affirmed the judgment of the circuit court, and from the judgment of affirmance appellant has prosecuted this appeal to this court.

Appellant has filed an able and exhaustive brief in support of the proposition that the matter set up in its amended plea is proper to be pleaded in abatement, and that the court erred in sustaining the demurrer thereto. We do not think the merits of that question necessary to a determination of this case. It is not denied that the first plea filed was defective because improperly verified. Appellant's counsel say in their brief: "The principal questions upon this appeal relate to the sufficiency of the amended plea in abatement of defendant, the Ætna Indemnity Company, and to the propriety of the rulings of the court with reference to the appeal bond." By obtaining leave to file, and filing, an amended plea appellant waived the right to question the correctness of the ruling of the court in holding the former plea insufficient.

The question then arises whether the law authorized the filing of the amended plea. Appellee moved the court to strike the plea from the files, and on its motion being overruled filed a demurrer, which was sustained. If the plea did not belong to the class of so-called pleas in abatement, which are amendable, leave should not have been granted to file it, or the court should afterwards have allowed the motion to strike it from the files. Neither of these methods was resorted to by the court but the plea was disposed of on demurrer.

Appellant insists appellee's contention that the trial court erred in granting leave to amend the plea is not presented by this record for consideration, for the reason that appellee has assigned no cross-errors.    On this question we agree with the Appellate Court.    That court said: "We are unable to concur in the suggestion of appellant's counsel that this question is not before us because cross-errors are not assigned.    Appellant is here asking us to set aside a judgment against it.    If the judgment is correct upon the record it must stand, and it is no reason for setting it aside that the trial court, before reaching its final judgment, may have erred in appellant's favor and erroneously denied a motion to strike out the amended plea.    In *Indianapolis, Peru and Chicago Railway Co.* v. *Summers,* 28 Ind. 521-523, where the lower court had sustained a demurrer to a plea in abatement, it was said: 'The proper practice where the plea is filed without being verified would be to move to reject or strike it from the record, but as the proper result was reached in the case at bar the case should not be reversed because of the error in the mode.' "

The rule is, that pleas in abatement are not amendable. (Hurd's Stat. 1905, chap. 7, sec. 11; *Bacon* v. *Schepflin,* 185 Ill. 122; *Cook* v. *Yarwood,* 41 id. 115; *Trinder* v. *Durant,* 5 Wend. 73; 1 Chitty's Pl. 465; 1 Tidd's Pr. sec. 638.)    To this general rule an exception is made in the case of pleas in abatement to the jurisdiction of the court of the person.    A plea of this character is held to be not strictly a plea in abatement but a meritorious plea necessary to the protection of a substantial right granted by statute, and in such case the plea is amendable.    (*Safford* v. *Sangamo Ins. Co.* 88 Ill. 296; *Drake* v. *Drake,* 83 id. 526; *Humphrey* v. *Phillips,* 57 id. 132; *Midland Pacific Railway Co.* v. *McDermid,* 91 id. 170.)    Appellant had no right to file the amended plea and should not have been granted leave to do so.    It had no right to have the plea considered as setting up any defense to the action, and the judgment of

the court in refusing to treat it as a valid plea was correct, notwithstanding that judgment may have been reached through an erroneous process of reasoning.

It is further insisted by appellant that the appeal bond in this case should have named the executors, administrators or heirs of Julia M. Cooney as obligees, instead of appellee, the beneficial plaintiff. The record shows that when the death of Julia M. Cooney was suggested in the trial court counsel for appellant made inquiry of the court as to who ought to be mentioned in the appeal bond as obligee. After some discussion between court and counsel the court gave it as his opinion that the bond should be made to the appellee, but no order was entered to that effect, and thereafter appellant filed the bond naming appellee as the obligee. If this question were properly before us, which is very doubtful, we think, under the statute and former decisions of this court, the appeal bond was properly made to appellee. Hurd's Stat. 1905, chap. 1, secs. 23, 24; *Foreman Shoe Co.* v. *Lewis,* 191 Ill. 155.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*