## American Spirits Manufacturing Company, Defendant in Error, v. Peoria Belt Railway Company, Plaintiff in Error.

### Gen. No. 5236.

1. PLEADING—*what plea to jurisdiction.* A plea by a corporation alleging that the parties upon whom the summons was served were not at the time of such service officers of such corporation, belongs to that class of pleas recognized in this state as pleas to the jurisdiction of the court in the nature of pleas in abatement.

2. PLEADING—*when plea to jurisdiction improperly stricken.* A plea which is not to the jurisdiction of the court over the subject-matter but only over the person of the defendant, properly concludes with the prayer "if the court will here take cognizance of the action aforesaid" and such a plea need not tender a better writ.

3. PLEADING—*what pleas need not be verified.* Pleas to the jurisdiction of the court in the nature of pleas in abatement are not required to be verified.

4. PLEADING—*when affidavit of merits not essential.* An affidavit of merits need not accompany a plea to the jurisdiction of the court in the nature of a plea in abatement.

5. AMENDMENTS AND JEOFAILS—*to what classes of pleas applicable.* By statute pleas to the jurisdiction of the court in the nature of pleas in abatement are proper subjects of amendment.

Assumpsit. Error to the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed May 18, 1910.

JACK, IRWIN, JACK & MILES, for plaintiff in error.

PAGE, WEAD, HUNTER & SCULLY, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in *assumpsit* begun in the Circuit Court of Peoria county to the March term, 1909, by the American Spirits Manufacturing Company against the Peoria Belt Railway Company. The declaration consists of the common counts, in which the *ad dam-*

*num* is $15,000.   An affidavit of merits was filed with the declaration stating that the suit was brought to recover rents due, and that there is due the plaintiff after allowing all just credits, deductions and set-offs, the sum of $13,934.50.   The summons for the defendant was issued on February 16, 1909, to the sheriff of Peoria county, in the usual form, and was returned served "by delivering a true and correct copy thereof to W. T. Irwin, the president of said defendant, Peoria Belt Railway Company, and also by delivering a true and correct copy thereof to Theodore J. Miller, secretary of Peoria Belt Railway Company."

On March 11, 1909, the first day of the March term of court, the defendant filed a plea to the jurisdiction of the court, which after the title of the cause was as follows:

"And the said Peoria Belt Railway Company, a corporation, by Jack, Irwin, Jack & Miles, its attorneys, comes and appears specially for the purpose of this plea only and says that the said W. T. Irwin was not at the time of the service of said writ of summons upon him, the said W. T. Irwin, to wit, on the 17th day of February, 1909, nor for a long time prior thereto, to wit, three years, nor since said date, nor is the said W. T. Irwin now the president of said Peoria Belt Railway Company, nor was he at the date last mentioned or for a number of years prior thereto or now clerk, secretary, superintendent, general agent, cashier, principal, director, engineer; conductor, station agent or any agent of said company, to wit, at the county aforesaid; and that the said Theodore Miller was not   *   *   *   (here follows a denial that the said Miller was secretary or any other officer or agent of defendant in words similar to the denial as to Irwin);   *   *   *   and this the said Peoria Belt Railway Company is ready to verify; wherefore it prays judgment if the court will here take cognizance of the action aforesaid.

PEORIA BELT RAILWAY COMPANY,
By JACK, IRWIN, JACK & MILES, its attorneys."

The plaintiff moved to strike the plea from the files for the reasons, (1) that the plea is not verified; (2) that it does not tender a better writ; (3) that it is defective in the form of its prayer; (4) it is not made by any proper attorney and (5) no proper authority is shown for filing such plea. On March 13, 1909, the court sustained the motion to strike the plea, whereupon, on the same day, the defendant by a special appearance for the purpose of the motion only, and no other, moved for leave to amend its plea filed March 11, 1909, and to refile said plea as amended by making a part thereof an affidavit sworn to by W. T. Irwin, that he has read the foregoing plea and that the statements therein contained are true. The court overruled the motion for leave to amend and ruled the defendant to plead instanter. Exceptions were preserved to the rulings on the motions to strike the plea and for leave to amend, etc., by a bill of exceptions. A default was entered against the defendant on March 16th and judgment was rendered against it for $13,934.50. The defendant prosecutes this writ of error to review that judgment.

It is insisted that the court erred in striking from the files the plea to the jurisdiction filed by the plaintiff in error, and in refusing leave to plaintiff in error to amend and refile its plea as amended by attaching and making a part thereof an affidavit verifying the plea.

Plaintiff in error contends, (1) that a plea to the jurisdiction cannot be tested by a motion to strike it from the files and that such a motion is only applicable to a meritorious plea; (2) that the plea filed while in the nature of a plea in abatement, is a plea to the jurisdiction of the court, and that such a plea is not required to be verified; and (3) that a plea in abatement to the jurisdiction of the court over the person of the defendant is not strictly a plea in abatement, but a meritorious plea, and therefore amendable.

On the other hand defendant in error contends, (1)

SECOND DISTRICT—MAY, 1910.    333

American Spirits Mfg. Co. v. Peoria Belt Ry. Co., 154 Ill. App. 330.

that a plea contradicting a sheriff's return is not amendable and must be verified and (2) that when an affidavit showing the nature of the plaintiff's demand and the amount due is filed with the declaration, all pleas, whether in abatement or to the merits, must be accompanied by an affidavit stating that the defendant had a defense upon the merits to the whole or some part of plaintiff's demand. The second contention of the defendant in error in this court is not mentioned in the written motion filed in the Circuit Court.

The plea to the jurisdiction of the court properly concluded with a prayer "If the court will here take cognizance of the action aforesaid." This form of conclusion is one of the matters in which such pleas are distinguishable from pleas in abatement proper. 1 Chitty on Pl. 441; Pooler v. Southwick, 126 Ill. App. 264.

The plea is not to the jurisdiction of the court over the subject-matter but only over the person of the defendant. No complaint is made concerning the writ and it was not necessary that the plea should tender a better writ. Midland Pacific Ry. Co. v. McDermid, 91 Ill. 170.

The plea denied that the summons was served on the defendant by alleging that the parties on whom it was served were not, nor was either of them, at the time of such service or since, an officer or agent of the defendant; it is strictly a plea to the jurisdiction of the court over the person of the defendant. The plea in controversy belongs to a class of pleas recognized in this state as "a plea to the jurisdiction of the court in the nature of a plea in abatement." Howe v. Thayer, 24 Ill. 246; Beck & Pauli Lithographing Co. v. Monarch Brewing Co., 131 Ill. App. 645; Porter v. Southwick, *supra*. Section 1 of the statute of amendments and jeofails specially provides that that act shall not apply in criminal matters "or to any plea in abatement." Pleas to the jurisdiction however, are

amendable under the statute of amendments, (section 39 of the practice act of 1907), and are, if filed in apt time, not governed by the strict common law rules concerning pleas in abatement proper, except as to the time of filing. Spencer v. Aetna Indemnity Co., 231 Ill. 82; Drake v. Drake, 83 Ill. 526; Howe v. Thayer, *supra*; Midland Pacific Ry. Co. v. McDermid, *supra*; Beck & Pauli Lith. Co. v. Monarch Brewing Co., *supra*. It was therefore error to overrule the motion of plaintiff in error for leave to amend its plea by adding a verification.

Section 1 of chapter 1 of the Statute, title, Abatement, provides: "That no plea in abatement, other than a plea to the jurisdiction of the court, or when the matters relied upon to establish the truth thereof appear of record, shall be admitted, unless the same is verified by the affidavit of the person offering the same, or of some other person for him." Under this provision it has been held that a plea to the jurisdiction of the court in the nature of a plea in abatement is not required to be verified. Howe v. Thayer, *supra;* Drake v. Drake, *supra;* Beck & Pauli Lith. Co. v. Monarch Brewing Co., *supra.*

Defendant in error further insists that the plea was properly stricken on its motion, because the plaintiff in error did not file with its plea an affidavit stating it has a good defense to the demand of defendant in error under section 55 of the Practice Act of 1907. The first statute passed in this state requiring a defendant to file an affidavit that he had a good defense to the suit on the merits, if the plaintiff had filed with his declaration an affidavit of merits, was enacted in 1872. Section 36 of the Practice Act of 1872. That section provided that if the plaintiff in any suit upon a contract shall file with his declaration an affidavit showing the nature of his demand and the amount due after allowing all just credits, etc., he shall be entitled to judgment, as in case of default, unless the defendant, if a resident of the county in which suit is brought,

SECOND DISTRICT—MAY, 1910.     335

American Spirits Mfg. Co. v. Peoria Belt Ry. Co., 154 Ill. App. 330.

shall file with his plea an affidavit, stating that he verily believes he has a good defense to said suit on the merits to the whole or a portion of the plaintiff's demand; the same section provided that "no affidavit of merits need be filed with a demurrer, plea in abatement, or motion." That act was amended in 1877 by omitting the words "plea in abatement." The practice act of 1907 (section 55 of the act of 1907) further amended this section by omitting the words "if a resident of the county in which the suit is brought," and the words, "no affidavit of merits need be filed with a demurrer or motion." The act of 1907 also contains a new section which provides, "If the issue on any plea in abatement is the truth of a statement in the return on the summons, or that the defendant is sued out of his proper county, or is not subject to suit in the county in which the suit is brought or that the court has no jurisdiction over the person of the defendant and such issue is found against the defendant, the judgment shall be *respondeat ouster.*" Section 45 Practice Act 1907. If the right of a defendant to be properly brought into court or to be sued in the county where he resides or may be found, may be ignored, unless the defendant shall file an affidavit that he has a good defense on the merits, then a plaintiff may select any forum in disregard of the statute, and the defendant may be deprived of the rights which the law gives him in express terms. It is fundamental that "no person shall be deprived of life, liberty, or property, without due process of law." Due process of law requires the service of summons in the manner provided by law, or a voluntary general appearance and until there is such due service or a general appearance, there is no jurisdiction in a court to render judgment or to require the defendant to plead. Parties cannot be required to plead until the court has jurisdiction over the person in the manner provided by the statute or by a general appearance, and if the jurisdiction of the court is questioned in a legal and proper

manner that question must be disposed of in favor of the jurisdiction before the defendant is required to plead further. A proper construction of the Practice Act concerning affidavits of merits and the issue on pleas in abatement will permit both sections to stand and therefore will not require an affidavit of merits to be filed with a plea to the jurisdiction of the person in the nature of a plea in abatement. For the error in overruling the motion for leave to amend the plea the judgment is reversed and the cause remanded.

*Reversed and remanded.*