## Charles E. Bowers, Appellant, v. M. F. Dunlap, Appellee.

1. PLEADING, § 279*—*amendment of plea to jurisdiction.* A plea to the jurisdiction is always amendable.

2. JUDGMENT, § 5*—*when jurisdiction over defendant not residing in county is lost.* A party cannot begin a suit in chancery in which the jurisdiction is properly at law, make a resident of the county where the suit is brought a defendant for the purpose of obtaining jurisdiction of the persons of nonresidents of the county as codefendants, and thereby force parties to appear and defend, and then by changing the cause of action to a suit at law and voluntarily dismissing as to all but a nonresident defendant, over whom jurisdiction could not be obtained in the suit at law, in that manner give a court of law jurisdiction over the person of the sole nonresident against his objection.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed July 14, 1917. *Certiorari* denied by Supreme Court (making opinion final).

WALTER H. BENNETT and JOHN E. WALL, for appellant.

BELLATTI, BELLATTI & MORIARTY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Charles E. Bowers, a resident of Adams county, filed a bill in chancery in the Circuit Court of that county to the October term, 1915, against S. T. Erixon, C. E. Deleplain and M. F. Dunlap, praying for an accounting of goods and merchandise received by Dunlap on a real estate deal, which was alleged to have been negotiated by complainant under an agreement by which complainant was to receive as his compensation a certain percentage of a portion of the goods and merchandise taken by Dunlap in the trade. Deleplain was also a resident of Adams county and was served with summons by the sheriff of that county. Dunlap and Erixon are residents of Morgan county and were served with summons in that county and neither of them was found in Adams county.

The defendants filed their several demurrers to the bill, asserting that complainant had an adequate remedy at law and that a court of chancery did not have jurisdiction. The demurrers were sustained. On motion of complainant the suit was, in pursuance of section 40 of the Practice Act (J. & A. ¶ 8577), transferred to the law side of the docket, and at the March term of court the complainant filed a declaration in assumpsit against Dunlap alone. The other defendants in the chancery suit were in that manner dismissed out of the case.

The defendant Dunlap filed a plea to the jurisdiction of the Circuit Court of Adams county, setting up that at the time of the commencement of the suit he was a resident of Morgan county and was served with process in Morgan county. To this plea a general demurrer was sustained.

The defendant then by leave of the court filed an additional plea to the jurisdiction, setting up that at the time of the commencement of the action the defendant was and from thence hitherto has been and still is a resident of Morgan county, Illinois, and not

of the county of Adams, and that he was not found or served with process in said action in the county of Adams, but was found and served with process in the county of Morgan, and avers that since the transferring of the cause from the chancery docket to the law docket the plaintiff has dismissed his action as to all defendants who resided within said county of Adams and all defendants who were served with process in said county of Adams, namely, as to C. E. Delaplain and S. T. Erixon, and this he is ready to verify; wherefore he prays judgment, if the court will take further cognizance, etc.

The plaintiff filed a demurrer to this plea which was overruled and the plaintiff abiding by his demurrer, judgment was rendered in favor of the defendant that plaintiff take nothing by his writ and go hence, etc. The plaintiff appeals.

The contention of appellant is that because the appellee appeared generally in the chancery suit and filed a demurrer that the court acquired jurisdiction of his person for all purposes of the suit. In the chancery suit the court had jurisdiction of the person of the defendant for the reason there was a resident defendant served with process in Adams county. Section 6 of the Practice Act (J. & A. ¶ 8543) provides: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law where there is more than one defendant, the plaintiff commencing his action where either of them resides may have his writ or writs issued directed to any county or counties where the other defendant, or either of them, may be found: *Provided,* that if a verdict shall not be found or judgment rendered against the defendant or defendants, resident in the county where the action is commenced, judgment shall not be rendered against those defend-

ants who do not reside in the county, unless they appear and defend the action, nor then if the action is dismissed as to the defendant or defendants resident in the county. Actions against a railroad or bridge company may be brought in the county where its principal office is located, or in the county where the cause of action accrued, or in any county into or through which its road or bridge may run.''

The suit was dismissed as to·the resident defendants and defendants served· with process in Adams county. The action is not a local action and there is only one defendant who is, and was, a resident of Morgan county, and he was not found in Adams county. Filing a declaration against one person, when a former declaration has been filed against two persons, is a dismissal as to the others. The first appearance of the defendant after the suit had been dismissed as to all the parties, except himself, was by filing a plea to the jurisdiction. A demurrer was sustained to that plea but such pleas are amendable. *Drake v. Drake,* 83 Ill. 526; *Midland Pac. R. Co. v. McDermid,* 91 Ill. 170; *Spencer v. Aetna Indemnity Co.,* 231 Ill. 82; *American Spirits Mfg. Co. v. Peoria Belt Ry. Co.,* 154 Ill. App. 330. The question is can a party begin a suit in chancery in a matter in which the jurisdiction is properly at law, and make a resident of the county where the suit is brought a defendant, for the purpose of obtaining jurisdiction of the person of nonresidents of the county as codefendants, and thereby force parties to appear and defend, and then by changing the cause of action to a suit at law and dismissing as to all but a nonresident defendant, over whom jurisdiction could not be obtained in the suit at law, in that manner give a court of law jurisdiction over the person of the sole nonresident defendant against the objection of the nonresident? Section 6 of the Practice Act (J. & A. ¶ 8543) may not be nullified by a plaintiff beginning a

suit in a court that does not have jurisdiction of the subject-matter, but has jurisdiction of the persons because there is a resident defendant, and then by transferring the suit to a court that has jurisdiction of the subject-matter but not of a nonresident defendant unless there is a resident defendant also. Courts are established to administer justice under the law and not to assist in the perpetration of fraud. The plea sets forth a defense to the jurisdiction under said section 6 of the Practice Act. Counsel for appellant state that the resident defendants were proper and necessary parties in the chancery suit on the theory presented by the bill, but they were improper parties in the common-law action, and that they might have been retained as parties until the court rendered judgment. The statute, as amended in 1907, expressly provides: ''That judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action, nor then if the action is dismissed as to the defendant or defendants resident in the county.'' The dismissal here was by the voluntary action of plaintiff. What would have been the situation if the dismissal had been by the judgment of the court is not before this court. The demurrer was properly overruled, and the judgment is affirmed.,

*Affirmed.*